## Case No. 121.

### AKIN v. LIVERPOOL & LONDON & GLOBE INS. CO.

[6 Ins. Law J. 341.]

Circuit Court, E. D. Arkansas. Oct. Term, 1876.

INSURANCE —INSURABLE INTEREST — RENEWAL OF POLICY—CONDITIONS—WAIVER—PROOF OF LOSS.

[1. A holder of a policy of fire insurance assigned it to the mortgagee of the property to the extent of his interest therein, with the assent of the company, and thereafter paid the premium required for the renewal of the policy, taking the usual renewal receipt. By mistake, the company, instead of renewing the policy, made out a new policy to the mortgagee, which was never delivered, and of which neither mortgagor nor mortgagee had any knowledge. *Held*, that the contract of insurance was complete between the mortgagor and the company, and an action at law thereon would lie for the recovery of the mortgagor's interest therein.]

[2. Where a fire insurance policy provides that no action shall be brought unless within a year from the date of the loss, and a complaint was filed within the year, but, at the request of the agent and attorney of the company, who agreed to enter the appearance of the defendant, no summons was issued, the company cannot thereafter set up the year's limitation as a defense.]

[3. The refusal of an agent of an insurance company for adjusting losses to recognize the right of the insured to prove for his admitted loss, he being ready and willing to do so, is a waiver by the company of such proof; the more so when proof has been furnished by the mortgagee of the destroyed property, to whom, by mistake, a policy thereon had been made out.]

[See Bennett v. Maryland Fire Ins. Co., Case No. 1,321; Rumsey v. Phoenix Ins. Co., 1 Fed. Rep. 396; Norwich & N. Y. Transp. Co. v. Western Mass. Ins. Co., Case No. 10,363.]

[At law. Action by C. C. Akin against the Liverpool & London & Globe Insurance Company on a contract of fire insurance. Trial by the court. Judgment for plaintiff.

[C. C. Akin, the holder of a fire insurance policy on an hotel and furniture, had mortgaged the property to Wassel & Moore, and, with the consent of the company, assigned his policy to them to the extent of their interest. Thereafter Akin paid to the local agent at Hot Springs the premium for the renewal of the policy, and took a receipt in the following form:

["Hot Springs, Ark., July 9th, 1872. $176.-50. Rec'd of John L. Miller, for the use of C. C. Akin, one hundred and seventy-six 50-100 dollars for the renewal of a policy of insurance on the Akin House and furniture, issued in the Liverpool and London and Globe Insurance Company, on five thousand dollars. J. J. Sumpter, Agent."

[Wassel & Moore, wishing to make sure of the renewal of the policy, made application therefor to the agent at Little Rock, but, on being informed of the action of Akin, were satisfied therewith, and took no further steps. By mistake the company made out and executed a policy to Wassel & Moore, instead of to Akin, and sent it to their agent at Little Rock, in whose office it remained until after the property was destroyed by fire, unknown to either Akin or Wassel & Moore.]

CALDWELL, District Judge. It is contended that plaintiff has mistaken his remedy; that, upon the facts proved, the case is one of exclusively equitable cognizance. This contention is based on the assumption that an action at law will not lie upon a contract of insurance unless a policy has been issued and the action is founded on such policy. It is well settled that where there is a valid agreement for insurance, the failure of the insurer to issue a policy, is no impediment to a recovery of the amount of insurance, in case of loss, in an action at law upon the contract. McCulloch v. Eagle Ins. Co., 1 Pick. 277; Lightbody v. North American Ins. Co., 23 Wend. 18; State Fire & Marine Ins. Co. v. Porter, 3 Grant, Cas. 123; Eureka Ins. Co. v. Robinson, Rea & Co., 56 Pa. St. 256; Benjamin v. Saratoga Mut. Fire Ins. Co., 17 N. Y. 415; Audubon v. Excelsior Ins. Co., 27 N. Y. 216; Kohne v. Insurance Co. of North America, [Case No. 7,920;] American Horse Ins. Co. v. Patterson, 28 Ind. 17; New England Fire & Marine Ins. Co. v. Robinson, 25 Ind. 536; Fland. Fire Ins. 118.

The plaintiff has a good cause of action at law on the contract for the renewal of the policy. The premium was paid for the renewal for one year, of an existing policy, the precise terms of which were known to both parties, and when the premium was paid by the plaintiff, and accepted by the defendant, upon such an agreement, the contract of insurance was complete; there remained no more for the plaintiff to do, and in case of loss, the legal liability of the defendant was perfect.

It is common practice to renew, or continue in force, existing policies by means of what is termed a renewal receipt. This is what was done in this case. The plaintiff is not to be prejudiced by the mistake of the defendant in making out a policy

to Wassel & Moore; and certainly the defendant will not be heard to say that the plaintiff shall not have the benefit of his contract until he has gone into a court of equity, and annulled or reformed a policy in which he is not named, and has no interest, which he never asked to be issued, which was never delivered to him, and of the very existence of which he was ignorant.

2. The defense that the action was not brought within one year from date of loss, is not sustained. The complaint was filed within the year, but no summons was issued, because the then agent and attorney of the defendant requested that none should be issued, and agreed to enter the appearance of the defendant, and plead to the action, and took the complaint off the files for that purpose. This took place before the year expired, and for the purpose of disposing of this question, the subsequent appearance of the defendant must have relation back to the date of the agreement.

It would be gross fraud to allow the defendant to come in by other counsel, after the year had elapsed, and set up that the suit was not brought within the year, because no summons had issued on the complaint, when the plaintiff had refrained from issuing such summons at the request of the defendant's agent and attorney, and upon the assurance that defendant's appearance should be entered with like effect as if summons had issued on filing the complaint.

3. After the loss, the agent of the defendant for adjusting losses and the plaintiff met in this city. The plaintiff was ready and willing to furnish the requisite preliminary proofs of loss, in accordance with the terms of defendant's policy; but the defendant's agent misconceived the rights and duties of the parties, took the ground there was no contract of insurance existing between the plaintiff and defendant, and refused to recognize plaintiff's right to prove for his admitted loss, on that ground. By this action the defendant waived the production of preliminary proofs of loss by the plaintiff. Fland. Ins. 541.

Besides, under the advice and direction of plaintiff's agent, Wassel & Moore, whom the agent insisted were the only proper parties to do so, did make out and furnish the preliminary proofs of this very loss.

The defense is without merits, and judgment will be entered in favor of the plaintiff for $7,469, being the amount of the policy and interest thereon from date of loss, less the sum of $3,875 paid with plaintiff's assent to Wassel & Moore.