May Term,
1851.

HATHAWAY
v.
HATHAWAY.

</div>

---

## HATHAWAY *v.* HATHAWAY.

A justice can grant a new trial for cause shown within four days *after* the day on which judgment was rendered.

ERROR to the *Putnam* Circuit Court.

PERKINS, J.—*Hathaway,* for the use of *Nethercutt,* sued *Hathaway* upon a promissory note, before a justice of the peace, and, on the 19th day of *October,* 1849, upon a trial at which both parties were present, judgment was rendered against him.

<div style="text-align:right">

Wednesday,
May 28.

</div>

On the 23d day of *October,* the parties again appeared before the justice, (the plaintiff having required the defendant, by notice, so to do,) at which time the justice, for cause shown, granted a new trial. A subsequent trial was had and the plaintiff obtained judgment. Upon that judgment the defendant obtained a writ of *certiorari* and removed the cause to the Circuit Court. That Court reversed the second judgment of the justice because the new trial was supposed to have been granted by that officer a day too late, he not having counted the day on which the judgment was rendered as one of the four within which he might grant a new trial.

Had the statute been that a justice might grant a new trial within one day after the rendition of judgment, nobody would have contended that the day on which judgment was rendered should be counted in computing the time. The rule should be the same where the statute requires it to be done within four days, and so seem to be

the late decisions. *Webb* v. *Fairmanner*, 3 M. & W. 473. —*Krohn* v. *Templin*, *May* term, 1850, of this Court (1).

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

  *C. C. Nave*, for the plaintiff.

  *W. A. McKenzie*, for the defendant.

(1) See *ante*, p. 146.