COOK *v.* GRAY.

*A.* stipulated to deliver to *B.* fifty hogs at any time between the 10th and 20th of *November* that *B.* might choose to call for them. · *Held*, that a demand by *B.* on the 19th for the delivery of the hogs on the 20th of *November* was not sufficient under the contract.

Section 787, p. 205, 2 R. S. 1852, applies only to statutory time and not to the computation of time in the case of ordinary contracts.

APPEAL from the *Rush* Court of Common Pleas.

DAVISON, J.—The complaint in this case states that the parties had entered into a written contract, whereby *Gray* stipulated to deliver to *Cook* fifty head of hogs, at any time between the 10th and 20th of *November*, 1852, that he might choose to call for them. Averment, that *Cook* demanded the hogs on the 17th of that month, but *Gray* refused to deliver them, &c.

The answer denies a demand of the hogs on the 17th of *November*, or at any other time between the above dates, and avers that *Cook* called on *Gray* on the 19th of *November*, and requested him to deliver them on the 20th of said month, which *Gray* refused, &c.

To this *Cook* replied, that he did call on *Gray* on the 19th of *November*, and request him to deliver the hogs on

the 20th of the same month; and he agreed to do so; but when the 20th arrived he failed and refused, &c.

*Gray* demurred to the replication, and for cause alleged that the agreement set up in the reply was a departure from the complaint, and inconsistent therewith, in this: The complaint sets forth a contract for the delivery of the hogs between the 10th and 20th of *November*, when, in the reply, it is averred that *Gray* stipulated for the delivery of the same hogs on the 20th of *November*. The demurrer was overruled and judgment given for the plaintiff below.

Whether the averment in the replication was or was not a departure in pleading, must depend upon the solution of another inquiry, viz., was the demand on the 19th of *November*, to deliver the hogs on the 20th of that month, within the provisions of the original contract? If the phrase "between the 10th and 20th," under a proper exposition of the agreement sued on, includes the day last named, the ruling of the Court must be adjudged correct; because the contract set up in the replication would, in that case, create no additional obligation, and may therefore be rejected as surplusage.

The code provides that the time within which an act is to be done, *as therein provided*, shall be computed by excluding the first day and including the last. 2 R. S. 205. But this, as a rule of computation, relates exclusively to statutory time, and does not apply to ordinary contracts.

We have not been able to find any authority bearing directly upon the point under consideration. It has been said, that " when time is to be computed from and after a certain day, that day is to be excluded; unless it appears that a different computation was intended." 5 Johns. R. 232.—3 Conn. 19. But other authorities say that there is no general rule on the subject; that such computation must be governed by the reason of the thing and the circumstances of the case. *Pugh* v. *The Duke of Leeds*, Cowp. 714. There is, indeed, no rule strictly applicable to the case before us, save that which points to the terms of the contract as understood by the parties. The word

May Term,
1855.

"between," where it occurs in the present agreement, does not possess any technical import. It must therefore be taken in the sense in which it is used in ordinary parlance, and that being done, the intent expressed by the words "between the 10th and 20th," seems to be sufficiently plain and explicit. To say that the words just quoted include either the 10th or 20th, would be equivalent to saying that the month of *July* included *June* and *August*, because it lay between them. We perceive nothing in the common import of the language used, or the circumstances of the case, that will admit the inference that the parties, when they made the contract, considered the 20th of *November* within the time allowed for its performance.

It seems to us that the demurrer was well taken, and should have been sustained.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*A. W. Hubbard* and *L. Sexton*, for the appellant.

*R. D. Logan*, for the appellee.