### Noble *v.* Murphy and Another.

APPEAL FROM JUSTICE OF THE PEACE.—COMPUTATION OF TIME.—In computing the thirty days within which an appeal may be taken from the judgment of a justice of the peace, the day of entering the judgment should be excluded.

APPEAL from the *Knox* Circuit Court.

GREGORY, J.—A judgment was rendered against the appellant by the mayor of the city of *Vincennes* on the 3d of *March*, 1866. An appeal was taken on the 2d of *April* then next following, to the court below. On motion of the appellees, the appeal was dismissed, on the ground that it was not taken within thirty days from the rendition of the judgment by the mayor. The code provides that "the time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last." 2 G. & H., § 787, p. 332. The justices' act requires that the appeal must be taken "within thirty days from the rendition" of the judgment. 2 G. & H., § 64, p. 593. The same act, (which also governs proceedings before mayors

of cities,) provides that "in all cases not in this act specially otherwise provided, proceedings before justices shall be governed by the practice and usages of circuit courts, and the rules of the common law, so far as the same are in force in this State." 2 G. & H., § 75, p. 600. "The practice and usages of circuit courts," embrace the provisions of the code.· The rule for the computation of time, as fixed by the code, is therefore applicable, and must govern in determining the time within which appeals may be taken from the judgments of mayors of cities, and of justices. See *Faure* v. *The United States Express Co.*, 23 Ind. 48. Excluding the 3d day of *March*, the day on which the judgment was rendered, the appeal was in time. The Circuit Court erred in dismissing the appeal.

The judgment is reversed, with costs, and the cause remanded, with directions to proceed in the cause.

*J. C. Denny*, for appellant.