*J. C.* and *J. Applegate*, for appellant.

- - --------•--------

### AMERICAN HORSE INSURANCE COMPANY *v.* PATTERSON.

INSURANCE.—PLEADING.—Suit upon a policy of insurance upon a horse. The policy, by its terms, was to run for one year, commencing at noon on *March* 9th, 1866, and was dated *March* 14th. It provided that there should be no responsibility for insurance on animals diseased at the "time of insurance." Answer, 1. That when the policy was issued the horse was diseased. 2. That the horse was dead when the policy was issued. With a general verdict for the plaintiff, the jury found in answer to interrogatories that the contract of insurance was made *March* 9th; that the premium was paid and the policy issued *March* 14th; that the horse was first diseased *March* 13th, and died *March* 14th, before the policy issued.

*Held,* that the plaintiff was entitled to judgment on the findings.

*Held,* also, that as a valid contract of insurance may exist without a policy, the answers were bad, for not averring that the horse was diseased at the "time of insurance," the averment that he was diseased when the policy issued not being within the condition contained in the policy.

*Held,* also, that if the answers had been good, the finding of the jury that the contract of insurance was made on the 9th, and that the horse was first diseased on the 13th, supported the general verdict for the plaintiff.

APPEAL from the *Marion* Common Pleas.

FRAZER, J.—This was an action upon a policy of insurance issued by the appellant to the appellee, by the terms of which the appellee was insured against loss by death upon certain horses, one of which, it was alleged, had died while the policy was in force. The policy was to run for one year, commencing at noon on the 9th day of *March*,

1866. It bore date on the 14th of that month. By the terms of the policy, a copy of which was made part of the complaint, it was provided that there should be no responsibility for insurance on animals diseased at the time of insurance. The defense pleaded was twofold: 1. That when the policy was issued, the horse was diseased; and, 2d, that he was dead. Issues were formed by a reply of general denial, and these were found generally for the plaintiff, but in answer to special interrogatories, the jury also found that the contract for insurance was made *March* 9th, 1866, that the policy was delivered and the premium paid *March* 14th, 1866, and that the horse was first diseased on the 13th, and died on the 14th, before the policy issued.

The only material question before us is, whether the plaintiff was entitled to judgment in view of the findings. We think he was. The answer denied nothing. It attempted to set up new matter in avoidance. The contract of insurance contained in the policy began to run on the 9th of *March*. That the horse was diseased or dead when the policy issued was, therefore, probably no answer to the action, for though true, still the plaintiff would seem to be entitled to recover. The time of issuing such a policy could not fairly be deemed the equivalent of the "time of insurance," and therefore the answers did not allege the defense provided for in the condition of the policy above stated, and are insufficient. By the words of the policy, the time when a valid contract for insurance was made was evidently intended, and it is well settled, that such a contract may subsist without a policy. Indeed, in practice, it generally precedes the issuing of the policy. *New England &c. Co., v. Robinson*, 25 Ind. 536. When the policy itself covers a period antecedent to its date, as in this case, it may well be doubted whether the date of its actual issue should be deemed even *prima facie* evidence of the time of insurance.

But deeming the answers sufficient, as averring that the horse was diseased or dead at the time of insurance, then

the findings of the jury, that the contract was made on the 9th, and that the horse was first diseased on the 13th, supported the general verdict for the plaintiff, and entitled him to a judgment upon it. The interrogatory which called for the finding of the date of the contract for insurance was pertinent, and the court did not err in sending it to the jury.

*J. L. Ketcham* and *J. M. Mitchell*, for appellant.

*B. K. Elliott* and *J. B. Black*, for appellee.