# BENJAMIN H. NORTH

*v.*

# PIERSON H. KIZER *et al.*

1. CONTRACT—*time of performance may be extended without any new consideration.* The time of performance of a contract may be extended by a subsequent parol agreement, and no new consideration is necessary.

2. PLEADING—*use of the word "agreed," in declaration in assumpsit, does not make the count one in debt.* In an action of assumpsit upon a contract, which is set out *in hæc verba* in the declaration, the use of the word "agreed," in an averment as to an extension of the time of performance of the contract, does not make the count one in debt.

3. A declaration in assumpsit which does not contain the word "promised," may nevertheless be good, provided it sufficiently appears, from the whole declaration, that what is equivalent to a promise has taken place, and where a promise and a consideration are substantially set forth, the count in this respect is sufficient on general demurrer.

4. SAME—*when instrument is set out in hæc verba, its legal effect need not be averred.* In declaring upon a written contract, the pleader may do so either by setting it out *in hæc verba*, or according to its legal effect. When the former mode is adopted, the court will construe the contract for the pleader, and recognize what is its legal effect, and for the pleader, after having set out the contract in its very words, to declare further what is its legal effect, is superfluous.

5. PRACTICE *where defendant abides by his demurrer—faulty counts—assessment of damages.* Where a general demurrer several to each count in a declaration is overruled, and the defendant abides by his demurrer, and plaintiff's damages are assessed, and judgment therefor rendered, the judgment will not be reversed, if one of the counts is good, and the evidence heard on the assessment of damages is applicable to such good count, notwithstanding the other counts may be faulty.

6. Where a defendant abides by his demurrer to the plaintiff's declaration, he is at liberty to cross-examine the plaintiff's witnesses, and introduce evidence in reduction of damages.

APPEAL from the Circuit Court of Sangamon county; the Hon. JOHN A. McCLERNAND, Judge, presiding.

Messrs. STUART, EDWARDS & BROWN, and Mr. N. M. BROADWELL, for the appellant.

Messrs. HAY, GREENE & LITTLER, and Messrs. CULLOM & ZANE, for the appellees.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by Kizer & Fullenwider, as partners, against North, to recover damages for the alleged breach of the following contract in writing, by not accepting and paying for the hogs therein mentioned, to-wit:

"MARCH 21, 1871.

I have this day sold B. H. North three hundred fat, merchantable hogs, to average two hundred and fifty pounds gross and upwards, to be delivered at Buffalo Station, Illinois, between the 15th of July and the 15th of August next, at the option of the buyer, buyer to give seller eight days' notice when to deliver. The buyer agrees to pay seven dollars per hundred pounds gross. Said hogs are the hogs I bought of Dunnick.

P. H. KIZER,

B. H. NORTH."

The declaration averred that the plaintiffs were partners in the contract; that they were always ready, between the 15th of July and the 15th of August, to deliver the hogs; that the defendant failed to give any notice when to deliver the hogs, and that on the 15th day of August, 1871, the plaintiffs, at the place designated, did tender and offer to deliver to the defendant the hogs, which the latter failed to accept and pay for.

The declaration contained seven counts, all upon the above contract. A demurrer to the declaration, which was made several to each count, was overruled, and, the defendant standing by his demurrer, a jury was thereupon called, and the plaintiffs' damages were assessed before the court, by a jury, at $2858.51, for which judgment was rendered.

The defendant appeals.

The chief point made for the reversal of the judgment is upon the day of the tender of the delivery of the hogs, the 15th of August, it being contended that that was one day too late; that, under the contract, the 14th day of August was the last day for the delivery.

Whatever may be the force of this objection, as applied to some of the counts,—see *Richardson* v. *Ford,* 14 Ill. 332, *Cook* v. *Gray,* 6 Ind. 335, *Willerming* v. *McGaughey,* 30 Iowa, 205,—it is obviated, so far at least as respects the fifth count, by the special averments contained in that count. It is

therein expressly averred that, after the making of the contract, on the 20th day of July, 1871, it was agreed between the plaintiffs and the defendant that the time for the delivery of the hogs under the contract should extend to and include the 15th day of August, 1871, as the last day of the time for delivery.

The time of performance of a contract in writing may be extended by a subsequent parol agreement, and no new consideration is necessary, especially where there are mutual acts to be performed by the parties. *Baker* v. *Whiteside*, Breese, 174; *Wadsworth et al.* v. *Thompson*, 3 Gilm. 423.

This is not denied by counsel for appellant, but then they claim this count to be defective in other respects. They say it is a count in debt, because the word "agreed" is used in it. But that term is used only in reference to the subsequent extension of the time of performance of the contract sued on. Such use of the word "agreed" by no means marks the count as one in debt. The count may, notwithstanding, show that the defendant "undertook and promised" to accept and pay for the hogs.

This count sets out the contract *in hœc verba*, and then alleges the subsequent agreement to extend the time of performance so as to include the 15th day of August, the tender of delivery on that day, and the breach in not accepting and paying for the hogs, without setting forth, in express words, a promise to accept and pay for the hogs, or a consideration for the promise, and it is insisted that the count is defective in this last particular.

There are two well recognized modes of declaring upon a written contract: either by setting it out *in hœc verba*, or according to its legal effect. When the former mode is adopted, as in this case, the court will construe the contract for the pleader, and recognize what is its legal effect. This written contract, upon its face, imports a promise by the defendant, upon a sufficient consideration, to accept and pay

for the hogs upon performance on his part by the seller—such is its legal effect.

After setting out the contract in its very words, to declare further what is its legal effect, would seem to be superfluous— it would be averring what already appears.

Authority may be found to the effect that a declaration in assumpsit, which does not contain the word "promised," may, nevertheless, be good, provided it sufficiently appears, from the whole declaration, that what is equivalent to a promise has taken place. 1 Chit. Pl. 301.

A promise and consideration have been at least substantively set forth, and we must regard the count as sufficient in this respect, on general demurrer.

It is further objected, that the count does not show that the hogs tendered were the particular lot of hogs which were purchased, as it does not aver that they were the hogs bought of Dunnick, the contract describing them as "said hogs are the hogs I bought of Dunnick."

The averment in this respect, as to the hogs tendered, is, that "they did tender to said defendant the *said* hogs mentioned in said contract, to-wit: three hundred fat, merchantable hogs, averaging upwards of two hundred and fifty pounds gross."

We regard the hogs averred to be tendered, as substantially answering the description of the hogs mentioned in the contract.

The demurrer was a general one, and we must hold this fifth count, at least, to be good on general demurrer.

The statute provides that, whenever an entire verdict shall be given on several counts, the same shall not be set aside or reversed on the ground of any defective counts, if one or more of the counts in the declaration be sufficient to sustain the verdict. But if one or more counts be faulty, the defendant may apply to the court to instruct the jury to disregard such faulty counts. Rev. Stat. ch. 82, sec. 25.

This rule applies, as has been held, as well to verdicts upon

an inquisition of damages merely, as to those upon issue formed. *Anderson et al.* v. *Semple et al.* 2 Gilm. 455.

The demurrer admitted every material allegation well pleaded in the fifth count. This count, at least, we regard as sufficient to sustain the verdict and judgment. Under that count, evidence was properly admitted of the market value of hogs on the 15th day of August, 1871.

The evidence introduced upon the assessment of damages is incorporated in the bill of exceptions.

Upon inspection of the same, we find that all the evidence introduced upon the assessment of damages was under the fifth count, and that it was confined to the market value of the hogs on the 15th day of August, 1871, and showed that on that day the plaintiffs had the hogs at the place designated, ready for delivery, and that they were the hogs bought of Dunnick, and of the description named.

Under the rulings of this court, the defendant was at liberty to cross-examine plaintiffs' witnesses, and introduce evidence in reduction of damages. We can perceive no injury which has resulted to the defendant from the erroneous overruling of the demurrer to the faulty counts, save, perhaps, the mere cost of the demurrer. An error of such trivial consequence should not cause the reversal of the judgment.

We perceive no error in the giving or refusing of instructions.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. JUSTICE McALLISTER, dissenting :

I dissent *in toto.* Here was a declaration of seven counts; a demurrer by defendant to all and each count separately. The demurrer was overruled as to all the counts, and defendant elected to abide by the demurrer. Not entering a *nolle prosequi* to any of the counts, plaintiffs assessed damages upon all generally, and so judgment was given. The ruling of the court on the several demurrers is, amongst other things,

assigned for error. In my judgment, neither of the counts was good, but several of them are unquestionably bad in substance, and are conceded to be so. The opinion of the majority of the court goes upon the ground that there was one good count, and because that is so, appellant can not have the decision of the court below upon the demurrer to the bad counts reviewed here; or, in other words, because there was one good count, the judgment will not be reversed for the court below erroneously overruling the demurrer to the bad ones. The statute referred to in the opinion, it seems to me, clearly has no application, and the rights of defendant are as at common law. The defendant, having demurred, and elected to abide by his demurrer, had no right to ask the court, upon assessment of damages, to direct the jury to disregard the bad counts. This has been expressly decided. *American Ex. Co.* v. *Pinckney*, 29 Ill. 405.

By all the authorities I know anything about, the appellant has the right to have this court pass upon the decision of the demurrers in the court below, and if erroneous, to have the judgment reversed. The contract sued on was set out differently in the different counts, according to the various constructions which the pleader thought it would bear. The court below held that each construction, though materially different in some of the counts, was the correct one. The demurrer was a usual and proper mode of raising the question as to the true construction, which was a question of law, and if the decision was wrong, it presents the neat question of law, which the defendant should have reviewed on error, and the judgment reversed for such ruling. Such has been the universal practice, and to hold otherwise now, is to expose counsel to the reproaches of their clients for pursuing what they had the right to believe was a safe course.