## BENSON v. ADAMS ET AL.

69 353
141 311

PROMISSORY NOTE.—*Payable in Bank.*—*Action can not be Brought until Expiration of Third Day of Grace.*—An action can not be brought upon a bill of exchange, or on a promissory note payable in a bank in this State, until after the expiration of the whole of the third day of grace.

SAME.—*Time.*—*Day.*—A day includes the whole twenty-four hours commencing at 12 o'clock P. M., and expiring with the next 12 o'clock P. M.

From the Marion Superior Court.

*D. V. Burns* and *C. S. Denny*, for appellant.

*C. F. Hunt*, for appellees.

BIDDLE, J.—Complaint by appellees, against the appellant, in two paragraphs, filed on the 26th day of January, 1877. No question arises upon the first paragraph; we do not, therefore, state it.

The second paragraph counts upon a promissory note, made by appellant to the appellees, for one hundred dollars, dated November 24th, 1876, payable sixty days after date at the office of the "Indiana Banking Company," of Indianapolis, with ten per cent. interest after maturity, waiving presentment, protest, and notice, etc.

The suit was commenced on the 26th day of January, 1877.

Demurrer for want of facts overruled. Answer by a third paragraph, as follows:

That said note was payable in a bank in the State of Indiana, and that, by its terms, and the law governing such notes, it was not payable until the sixty-third day after the date thereof, to wit, on the 26th day of January, 1877, and that this action was commenced on said 26th day of January, 1877, and before any demand of payment or protest of said note was made, and was therefore brought before said note became due and payable, etc.

A demurrer for the want of facts was sustained to this paragraph of answer.

There are other pleadings in the case, upon which issues of fact were joined and a trial had, resulting in a finding and judgment in favor of the appellees.

Overruling the demurrer to the complaint, and sustaining the demurrer to the answer, present the same legal question, namely:

1. Can an action be commenced on a promissory note governed by the law merchant, on the third day of grace?

The same question is also presented by the evidence in the bill of exceptions; it is, indeed, the sole question in the case.

A day is the unit of time. It commences at 12 o'clock P. M. and ends at 12 o'clock P. M., running from midnight to midnight. In the division of time throughout the world, we believe this is regarded as the civil day. When the word "day" is used in a statute or in a contract, it means the twenty-four hours, and not merely the day as popularly understood, from sunrise to sunset, or during the time the light of the sun is visible. The fractions of a day in statutes, or legal proceedings, or in contracts, are not generally considered; but when the rights of parties depend upon the precedence of time in the same day, or upon a given hour or fraction of a day, it may be alleged or proved, as any other fact. 2 Bl. Com. 141; *Sadler* v. *Leigh*, 4 Campb. 195; *Thomas* v. *Desanges*, 2 B. & Ald. 586; *Brainard* v. *Bushnell*, 11 Conn. 16; *Hinton* v. *Locke*, 5 Hill, 437; Bouvier Dict., tit. Day. But, unless the meaning of the word is in some way restricted, it will be held to include the twenty-four hours.

By section 787 of the code, in all legal proceedings touching the administration of justice in courts, it is enacted that "The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last." It is also enacted, that

"On all bills of exchange, payable within this State, whether sight or time bills, three days grace shall be allowed." Under these statutes it has been held that the day includes twenty-four hours. In computing the time on promissory notes negotiable and payable at a bank in this State, the day upon which the note is made is excluded, and the third day of grace included. *Fisher* v. *The State Bank*, 7 Blackf. 610. This, we believe, is the uniform rule of computing time on a bill of exchange.

By the common law the maker of a promissory note has all the day on which it becomes due within which to pay it. Our statutes have made no change between an ordinary note and a promissory note negotiable and payable at a bank, except to put it upon the footing of a bill of exchange, and give it three days grace. Such a note is due on the third day after it matures, according to the terms expressed on its face, the same as an ordinary promissory note, not negotiable and payable at a bank, is due on the day expressed on its face. We can see no intrinsic reason why a bill of exchange—and the note we are considering is an inland bill of exchange—should mature at an earlier hour, on the third day of grace, than an ordinary promissory note matures on the day it falls due, according to its terms. Our decisions uniformly hold that the word "day" in a statute, and when used in a contract, means the entire twenty-four hours; and that the obligor, when the contract is limited in time, has all of the last day within which to perform his obligation; and we should think it unwise to make bills of exchange, or promissory notes negotiable and payable at a bank, an exception to the uniformity of the rule. We are aware that some of the text-books and decisions of other States make an exception to this rule in favor of bills of exchange, holding that at the close of the usual business hours on the last day of grace, after the liability has become fixed, the right of action has matured, and

suit may be commenced on the bill at once ; but such a rule would often lead to the necessity of averring and proving the fractional parts of a day, thus making the rights of the parties to a bill of exchange less certain, and rendering judicial procedure less uniform and secure.

For these reasons, we hold that the right of action on a bill of exchange, or on a promissory note negotiable and payable at a bank in this State, is not mature until after the close of the last day of grace. As this is a case of first impression in this State, we have no decisions of our own in point, but the following authorities tend uniformly to such a conclusion. *Hathaway* v. *Hathaway*, 2 Ind. 513; *Bailey* v. *Ricketts*, 4 Ind. 488 ; *Adams* v. *Dale*, 29 Ind. 273 ; *Kirkpatrick* v. *Alexander*, 44 Ind. 595 ; *Abel* v. *Alexander*, 45 Ind. 523 ; *Kirkpatrick* v. *Alexander*, 60 Ind. 95 ; *Helphenstine* v. *The Vincennes Nat'l Bank*, 65 Ind. 582.

The judgment is reversed, at the costs of the appellee. The cause is remanded, with instructions to overrule the demurrer to the third paragraph of answer, and for further proceedings.