No. 8755.

## TOWELL ET AL. *v.* HOLLWEG ET AL.

SUPREME COURT.—*Joint Assignment of Errors.*—Where a joint demurrer by several to a pleading is overruled, an assignment of error by each separately, that the ruling was erroneous *as to him,* presents no question in the Supreme Court.

SAME.—*Complaint.*—The sufficiency of a complaint against two defendants can not be questioned for the first time in the Supreme Court as to its sufficiency as against one only.

CHATTEL MORTGAGE.—*Recording.—Time.*—The time within which the statute requires a chattel mortgage to be recorded, R. S. 1881, section 4913, is computed by excluding the day on which it was executed and including that on which it was recorded.

PRACTICE.—*Special Finding.—Harmless Error.*—Where it appears from the whole record that a particular fact was really not in dispute on the trial, but treated as admitted, it is not essential that the court should, in a special finding of the facts under section 551, R. S. 1881, state such fact.

From the Madison Circuit Court.

*E. P. Schlater, C. L. Henry, A. B. Young* and *W. S. Diven,* for appellants.

*J. W. Baird, H. D. Thompson* and *T. B. Orr,* for appellees.

FRANKLIN, C.—This is an action brought by appellees against appellants for the possession of certain goods, and damages for the detention thereof.

Appellants answered separately by denials, and appellant Brown answered specially in a second paragraph, that he held

possession of the property as assignee of Towell, for the benefit of Towell's creditors; that the assignment was executed on the 6th day of January, 1879, duly recorded, and that he had taken possession of the property as trustee under the same; that appellees claimed said property by virtue of a mortgage executed December 28th, 1878, and recorded January 7th, 1879, and that said mortgage was void; copies of both the assignment and mortgage were filed therewith. A separate demurrer of Brown to the complaint, and a demurrer of appellees to the second paragraph of Brown's separate answer, were both overruled, and a reply in denial filed. Trial by court, special finding with conclusions of law, and judgment for appellees.

The errors assigned in this court are:

1st. The complaint does not state facts sufficient.

2d. The complaint does not state facts sufficient to constitute a cause of action against Towell.

3d. Error in overruling Brown's demurrer.

4th. Error in the conclusions of law.

The assignment of errors being joint, the second and third specifications, being separate, can not be considered. As to the first general specification, that the complaint does not state facts sufficient to constitute a cause of action, the imperfections of the complaint have been remedied by a certified copy under a *certiorari*. It is regular in form, in accordance with the statute, and entirely sufficient.

The main controversy between the parties appears to arise under the exception to the conclusions of law upon the special finding. The court found substantially the following facts:

Appellant Towell, on the 28th day of December, 1878, to secure a good-faith indebtedness, executed a mortgage upon the property in controversy to appellees; that the mortgage was duly recorded in Madison county, Indiana, on the 7th day of January, 1879; that on the 6th day of January, 1879, appellant Towell executed an assignment for the benefit of his creditors, to appellant Brown, which was duly recorded,

and under which Brown took possession of the property ; upon which, as a conclusion of law, the court found for appellees.

Two objections are presented to this conclusion : 1st, that there was no finding that the mortgagor, at the date of the execution and recording of appellees' mortgage, resided in Madison county, Indiana, and therefore there was nothing to base a conclusion on that the mortgage was valid.   The mortgage was made a part of the record by appellant Brown.   It stated that the mortgagor was " of Madison county, in the State of Indiana," etc.   He was sued in said county, and answered as a resident thereof.   There was no controversy in the pleadings or upon the trial, in relation to the residence of the mortgagor, and that it was not essentially necessary for the court to state in its special finding that the mortgagor resided in said Madison county ; that was treated during the trial as an admitted fact.

The real controversy appears to be over the second objection, and that is, that the mortgage was not recorded within the time required by the statute ; that, in estimating the time within which a chattel mortgage must be recorded, in order to make it valid against third parties, the day upon which it was executed can not be excluded and the day of recording included, but they must both be included.   The statute provides that the mortgage shall be recorded within ten days after the execution thereof.

In the miscellaneous provisions of the code, 2 R. S. 1876, p. 311, the 787th section provides, that " The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last.   If the last day be Sunday, it shall be excluded."                \

In the case of *Brown* v. *Buzan,* 24 Ind. 194, it was held that in computing the time in a contract for the acceptance of cattle within eight days from the time of the contract, the day of the contract and that of acceptance must both be included.

In the case of *Tucker* v. *White,* 19 Ind. 253, it was held that

in computing the time of the 180 days' stay of execution, the day on which the judgment was stayed must be included, because execution could have been issued on the day the judgment was signed, and that must be counted as one day. And in the opinion it is added: "This is not a case where the statute requires an act to be done, like the granting of a new trial, for example, within a given number of days." The case in 24th Indiana, *supra*, is based upon this for authority.

In the case of *Noble* v. *Murphy*, 27 Ind. 502, it was held that in cases of appeal from the judgment of a justice of the peace, where the statute required the appeal to be taken within thirty days from the rendition thereof, the general statute excluding the first day and including the last applied.

To the same effect are the cases of *Faure* v. *The United States Express Co.*, 23 Ind. 48, and *Swift* v. *Tousey*, 5 Ind. 196.

In the case of *Hathaway* v. *Hathaway*, 2 Ind. 513, where the statute allowed the justice of the peace to grant a new trial within four days from the rendition of the judgment, in computing the four days it was held that the day on which the judgment was rendered should be excluded; and in the opinion the following language is used: "Had the statute been that a justice might grant a new trial within one day after the rendition of judgment, nobody would have contended that the day on which judgment was rendered should be counted in computing the time. The rule should be the same where the statute requires it to be done within four days."

The same rule has been applied to serving a summons. *Womack* v. *McAhren*, 9 Ind. 6; *Martin* v. *Reed*, 9 Ind. 180; *Blair* v. *Davis*, 9 Ind. 236.

The same rule has been applied to the time of filing bills of exceptions. *The State, ex rel. McCoy*, v. *Thorn*, 28 Ind. 306; *Byers* v. *Hickman*, 36 Ind. 359. Where a thing is required to be done between two specified days, or from one specified day to another, then both are to be excluded. *Cook* v. *Gray*, 6 Ind. 335; *Newby* v. *Rogers*, 40 Ind. 9.

In the former case it was held that "The code provides that

the time within which an act is to be done, as therein provided, shall be computed by excluding the first day and including the last. * But this, as a rule of computation, relates exclusively to statutory time, and does not apply to ordinary contracts."

In the case of *Fox* v. *The Allensville, Center Square and Vevay Turnpike Co.*, 46 Ind. 31, it was held that a "publication made on the 2d of March, for payment on the 1st of April, would, by adopting the ordinary rule of including one of the days and excluding the other, be a publication thirty days before the specified time of payment." It will be observed that this case did not arise under the provisions of the code proper, but the decision of the question is based upon its provisions as the "ordinary rule."

In the case of *Benson* v. *Adams*, 69 Ind. 353, it was held that, in computing the time on a bill of exchange, the day of its execution should be excluded, and the third day of grace included. The court say :

"By section 787 of the code, in all legal proceedings touching the administration of justice in courts, it is enacted that 'The time within which an act is to be done, as herein provided, shall be computed by excluding the first day and including the last.' * * * "This, we believe, is the uniform rule of computing time on a bill of exchange."

In the same case, it was held that a day is a unit of time, commencing at 12 o'clock at night and ending at 12 o'clock at night. That "fractions of a day in statutes, or legal proceedings, or in contracts, are not generally considered ; but when the rights of parties depend upon the precedence of time in the same day, or upon a given hour or fraction of a day, it may be alleged or proved, as any other fact."

The statute under consideration, requiring chattel mortgages to be recorded within ten days after their execution, means within ten days after the time of their execution, and that means within ten days after the day of their execution. Therefore, in applying the general tenor of the foregoing decisions of this court to the question under consideration, we conclude that

in the computation of the ten days' time in which a chattel mortgage must be recorded, the day of its execution should be excluded. And as this rule has been established in all cases provided for in the code, it should be made uniform in all cases, except where otherwise expressly provided for by the language used.

We think the mortgage in this case was recorded within the time required by the statute, and was valid.

The court below did not err in its conclusions of law.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment below be and it is hereby in all things affirmed, with costs.