PACIFIC MUTUAL LIFE INSURANCE COMPANY OF
CALIFORNIA *v.* ALSOP, EXECUTOR.

[No. 23,730.    Filed March 7, 1922.]

1. INSURANCE.—*Policies.—Construction.—Contradictory Provisions.—Ambiguities.*—Doubts as to the construction of an insurance policy arising from contradictory provisions or ambiguous expressions contained therein are resolved against the insurer. p. 640.

2. TIME.—*Computation.—Life Insurance Contracts.—Policy Incontestable after One Year.*—Where a life insurance policy was dated May 14, 1917, the subsequent payment of the premium related back to that date and the policy was thereafter in force as of the date when issued, and the policy had been in force a full year at the end of May 13, 1918, so that an attempted cancellation of policy for fraud on May 14, 1918, was ineffective under a provision making the policy incontestable "after one year." pp. 641, 642.

3. INSURANCE. — *Life Insurance.—Policies.—Ambiguities.—Construction against Insurer.*—Where a life insurance policy dated May 14, 1917, contained a clause making the policy "incontestable after one year," and the insurer contended that the first year of the policy did not terminate until May 14, 1918, another provision, in apparent conflict with the incontestable clause, reciting that the first premium was for the period terminating on May 14, 1918, will not be construed as establishing that the policy was in full force during the whole of that day, the ambiguity, if any, created by the use of language in conflict with the stipulation most favorable to the insured being construed in his favor. p. 641.

4. TIME.—*Computation.—Statute.—Applicability to Private Contracts.*—The rule for computing time in interpreting the practice act, as declared by §1350 Burns 1914, §1280 R. S. 1881, does not control the construction of private contracts. p. 642.

From Knox Circuit Court; *Thomas B. Coulter,* Judge.

Action by William Alsop, executor, against the Pacific Mutual Life Insurance Company of California. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Miller & Riley, W. R. Gardner, C. K. Tharp, C. G. Gardner* and *Robert Woodson Tharp,* for appellant.

*William M. Alsop, C. B. Kessinger, Padgett & Clark* and *D. F. Culbertson,* for appellee.

EWBANK, C. J.—Appellee sued appellant on a policy of insurance on the life of his decedent which was dated May 14, 1917, and contained a provision that the policy should be "incontestable after one year, except for non-payment of premium or for violation of the conditions of the policy relating to military or naval service in time of war," and recited that in consideration of $250, "constituting payment of the premium for the period terminating on May 14, 1918, and in further consideration of a like payment on said last mentioned date, and thereafter on the 14th day of May in each and every year during the continuance of the policy, until forty-two premiums in all shall have been paid or until the prior death of the insured," the appellant company would pay $10,000 to the insured on May 14, 1959, if then living, or would pay that sum to his estate upon proof of his death. The complaint alleged the execution of this policy and payment of the first premium, and that at the time it was paid appellant gave a receipt, dated May 14, 1917, which recited that it "acknowledges receipt of $288.50 in payment of annual premium * * * continuing policy in force to May 14, 1918." It further alleged that the insured died March 17, 1918, and that due proof of his death was made on blanks furnished by the appellant company for that purpose.

Appellant filed an answer that it had rescinded the policy on account of fraud in procuring it to be issued, and at the same time paid into court the amount of the premium received, and accrued interest. This answer was afterward amended. As finally made to read, after repeated amendments, each paragraph alleged such fraudulent misconduct of the insured in procuring the

policy to be issued as would give appellant the right to rescind it at any time before it became incontestable, and further alleged that on May 14, 1918, appellant discovered the alleged fraud and immediately, on that day, elected to and did rescind the insurance contract, and notified the plaintiff, as executor, and tendered to him the amount of the premium it had received, with accrued interest thereon, but that he refused it, and that the same was now paid into court to keep the tender good, and that the initial premium was actually paid and the policy delivered on May 29, 1917. The circuit court sustained a demurrer to each paragraph of the answer, as so amended, and upon the refusal of appellant to plead over, judgment on the demurrer was rendered against it for the face of the policy, with interest and costs.

The question is presented whether the notice of rescission and offer to return the premium received was within the time allowed by the contract for contesting appellant's liability on the ground of fraud in obtaining the policy, or whether appellant failed to give the notice and make the offer until "after one year," when the policy, by its terms, had become incontestable on that ground.

The established rule is that an insurance policy prepared by the insurer, the form of which the insured cannot control nor alter, which may not even be seen 1. by the insured until it is delivered to him in final consummation of the contract of insurance, shall not receive a strained construction as against the insured, but that doubts as to its construction arising from contradictory provisions or ambiguous expressions which it may contain are to be resolved against the company that issued it. *Hessler, Admr.,* v. *Federal Casualty Co.* (1921), 190 Ind. 68, 129 N. E. 325; *Max-*

*well* v. *Springfield, etc., Ins. Co.* (1920), 73 Ind. App. 251, 125 N. E. 645.

There can be no doubt that May 14, 1917, was the first day of the year for which the premium was paid. On whatever day payment was made, it related back, and the policy was thereafter in force as of the date when it was issued. Therefore the policy had been in force a full year, of 365 days, at the end of May 13, 1918. And after the expiration of that period was "after one year" of the life of the policy. *Brown* v. *Buzan* (1865), 24 Ind. 194; *Tucker* v. *White* (1862), 19 Ind. 253; *Cartmel* v. *Newton* (1881), 79 Ind. 1; *Vogel* v. *State* (1886), 107 Ind. 374, 8 N. E. 164; *Buchanan* v. *Whiteman* (1896), 151 N. Y. 253, 45 N. E. 556; *Nesbit* v. *Godfrey* (1893), 155 Pa. St. 251, 25 Atl. 621; *Marcoux* v. *Society of Beneficence* (1898), 91 Me. 250, 39 Atl. 1027; *McGinn* v. *State* (1895), 46 Neb. 427, 65 N. W. 46; *People* v. *Coffin* (1917), 279 Ill. 401, 117 N. E. 85; *Irving* v. *Irving* (1918), 209 Ill. App. 318; *Migotti* v. *Colvill* (1879), 4 Com. Pl. Div. (Eng.) 233; *Regina* v. *St. Mary Warwick* (1853), 18 Eng. Law & Eq. 309; *Taylor* v. *Brown* (1893), 147 U. S. 640, 13 Sup. Ct. 549, 37 L. Ed. 313.

If appellant had intended to make the policy incontestable after one year, exclusive of the date when it was issued, no difficulty would have been experienced in finding language clearly to express that intent. But the language used contained no reference to such date. Counsel for appellant refer to the provision that the first premium was "for the period terminating on the 14th day of May 1918," as establishing that the policy was in full force during the whole of that day by virtue of payment of the first annual premium, and insist that these words determine the construction to be given the expression "after one year."

We do not think them controlling. The insertion of language in one part of the policy favorable to the insurer, in apparent conflict with language favorable to the insured used in another part, only creates an ambiguity calling for application of the rule that when the meaning is doubtful the contract must be given that construction which is most favorable to the insured.

The rule for computing time on the interpretation of the practice act, as declared by statute (§1350 Burns 1914, §1280 R. S. 1881) does not control the construction of private contracts. *Cook* v. *Gray* (1855), 6 Ind. 335. The notice of rescission and tender of the premium received, made on May 14, 1918, was "after one year" of the life of the policy, when the policy had become incontestable by its terms, and the several paragraphs of answer were all insufficient for that reason. Therefore it is not necessary to consider, and we do not decide whether or not they were also defective in other particulars, as appellee insists.

The judgment is affirmed.

Willoughby, J., not participating.