WILLIAMS v. CHAMBERS ET AL.

[No. 12,740. Filed December 9, 1926.]

TIME.—Contract running six months "from" January 10 did not expire until July 11.—A contract giving real estate brokers the exclusive right to sell real estate for six months "from" January 10 did not expire until July 11, the word "from" excluding the day of execution of the contract.

From Marion Probate Court (68-22219); Mahlon E. Bash, Judge.

Claim by Alex Chambers and others against the estate of Norbert A. Dickert, William G. Williams, administrator. From a judgment for claimants, the administrator appeals. Affirmed. By the court in banc.

Gavin & Gavin and Elias D. Salsbury, for appellant. Delos A. Alig, for appellees.

NICHOLS, J.—This is an appeal from the judgment of the probate court of Marion county for $650, on a claim filed by appellees against the estate of Norbert A. Dickert, deceased. The claim filed was in two para-

graphs. The first paragraph was a claim for compensation or commission for finding a purchaser for real estate under a real estate broker's contract; the second paragraph was for damages for breach of contract.

Separate demurrers to each paragraph of claim for want of facts sufficient to constitute a cause of action against appellant were each overruled. Appellant's motion for a new trial, assigning for cause that the decision of the court is not sustained by sufficient evidence, and, that the decision of the court is contrary to law, was overruled. These alleged errors are relied upon for reversal.

It is averred in each paragraph of the claim that on January 11, 1924, Norbert A. Dickert, by a written contract, gave to appellees the exclusive right to find a purchaser for his real estate for the term of six months and ten days from said date of January 11, 1924, for the price of $15,000, agreeing to pay a commission of five per cent. on $10,000 and three per cent. on the excess. That appellee found a purchaser ready and willing to pay said price, and so notified appellant, and the heirs at law of the deceased, that they had such purchaser. That appellant, as such administrator, and said heirs repudiated said contract, and refused to convey said real estate, and appellant refused to pay appellees their commission of $650, for which amount the claim is filed.

It is stipulated in the contract which is the basis of the claim that said Dickert agrees to give to appellees "for a term of six months from this date (January 11, 1924) the exclusive right to purchase or to sell or find a purchaser for the property," which is described. It is also stipulated in the contract that in the event appellees procured a purchaser for said real estate on the above terms, or the real estate should be sold by Dickert to any person introduced to him by appellees within

ten days from the date of the expiration of the option, then the commission should be paid, and deed executed.

There is no conflict in the evidence which establishes the facts as averred.

Appellant contends that the option agreement expired on July 10, 1924, and that, as there was no attempt to exercise it until July 11, 1924, such option had expired and there was no obligation to pay the commission, while appellees contend that even without the ten days extension of time, the option did not terminate until July 11, 1924, and that therefore they tendered a purchaser within the time specified in the contract. If appellant's contention is in harmony with the law, the court erred in its rulings on the demurrers and on the motion for a new trial, and the judgment should be reversed, otherwise the judgment should be affirmed.

It seems to be the general rule that "from" excludes the *terminus a quo.* 27 C. J. 908. The following Indiana cases have held that in promissory notes due a specified time "after date," the day upon which the note was made was excluded: *Benson* v. *Adams* (1879), 69 Ind. 353, 35 Am. Rep. 220; *Fisher* v. *State Bank* (1845), 7 Blackf. (Ind.) 610; *Bowen* v. *Julius* (1895), 141 Ind. 310, 40 N. E. 700. In *Newby* v. *Rogers* (1872), 40 Ind. 9, 16, it was held that where property is contracted to be delivered "from the 15th to the 28th" of a specified month, both the 15th and the 28th are to be excluded. To the same effect see *Towell* v. *Hollweg* (1881), 81 Ind. 157; *North* v. *Kizer* (1874), 72 Ill. 172; *Delaware, etc., R. Co.* v. *Mehrhof Bros. Co.* (1890), 53 N. J. Law 205, 23 Atl. 170. While in *Cook* v. *Gray* (1855), 6 Ind. 335, it was held that §787 of the Code, being §903 Burns 1926, §1350 Burns 1914, providing that "The time within which an act is to be done as herein provided, shall be counted by excluding the first day and including the last," does not apply to ordinary contracts, the court in

Henkel *v.* Indiana Nat. Bank—85 Ind. App. 407.

*Benson* v. *Adams, supra,* quotes this statute and then says: "This, we believe, is the uniform rule of computing time on a bill of exchange." In harmony therewith, we hold that while the statute as such may not control, it is but declaratory of the uniform rule of computing time on a contract, unless the contract clearly expresses a different intent. Excluding the first day, the contract here involved had not expired on July 11, 1924. The court did not err in its rulings.

Judgment affirmed.