AMERICAN NAT. BANK AT INDIANAPO-
LIS v. SERVICE LIFE INS. CO.

No. 7489.

Circuit Court of Appeals, Seventh Circuit.
May 9, 1941.

Rehearing Denied May 29, 1941.

580

Chas. Lloyd Dort, of Omaha, Neb., and Geo. C. Forrey, III, and Jacob S. White, both of Indianapolis, Ind., for appellant.

Wm. H. Thompson, Perry E. O'Neal, and Patrick J. Smith, all of Indianapolis, Ind., for appellee.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

BRIGGLE, District Judge.

Plaintiff, as trustee, recovered judgment against defendant for the proceeds of a life insurance policy upon the life of one Charles Leona Badger. The facts are not in dispute, were stipulated in the District Court and adopted by the District Court in a trial without a jury as its findings of fact. Defendant-appellant challenges only the conclusions of law reached by the District Court.

The facts: The policy was issued and dated October 5, 1930, pursuant to an application dated September 25, 1930, signed by the insured and reciting his birth on April 6, 1878, and requesting that policy be dated October 5, 1930, with an annual premium of $299.85. The policy was for the sum of $5,000, and under the company's schedule of rates carried a premium of $299.85 at age 52. If it had been issued October 6, 1930, it would have been at age 53 and would have required an annual premium of $310.30. The policy provides that the company will pay to insured's designated beneficiary the sum of $5,000 upon receipt at its home office of due proof of death of the insured while the policy is in force. The policy further provides that the premium of $299.85 was to be paid in advance on or before the 5th day of October of each year. In the table of extended values, it is provided that after four annual premiums have been paid the policy shall have an extended insurance value of four years and four months. The insured paid four full annual premiums, but failed to pay the premium falling due in 1934. Having failed to exercise any other option provided by the policy he automatically became entitled to extended insurance. He was notified of this lapse by the company and advised that his policy was continued as non-participating term insurance, dating from October 5, 1934. Upon further inquiry by the insured as to the precise date when his insurance would expire, the company replied that it would continue under this feature to February 5, 1939. If the policy had been dated October 6, 1930, at an annual premium of $310.30, at age 53, the insured would have been entitled upon the payment of four full years premiums to extended insurance of four years and 57 days; and if it had been dated October 6, 1930, at the premium that was in fact paid, it would have purchased less than $5,000 of insurance. On the morning of February 4, 1939, insured who was an Indianapolis physician administered to himself a lethal dose of morphine, from the effects of which he died at 7:55 p. m., February 5, 1939. The coroner's jury returned a verdict of suicide. The policy was not encumbered by any liens and no unpaid dividends remained. Other insurance was carried in the sum of $15,-000.

The sole question for decision is whether under the extended insurance provision the policy was in effect on February 5, 1939, the day of death, or whether it expired on February 4, 1939. Concededly, insured was entitled under his contract to four years and four months extended insurance, but whether such period of extended insurance began to run on October 5 or October 6, 1934, is the question. If it began on October 5 then his contract expired at the end of the day of February 4, 1939, and if it began on October 6 his contract was effective through February 5, 1939.

Plaintiff-appellee asserts that the insurance contract did not become effective until October 6, 1930, and that the first year of insurance expired on October 5, 1931, and subsequent years in like manner and that the extended period of four years and four months, consequently expired, not on February 4, but on February 5, 1939. Plaintiff urges that in the computation of time, October 5, the day the policy bears date is to be excluded and the last day is to be included and cites in support thereof a statute of the State of Indiana which provides that the time within which an act is to be done as therein provided shall be calculated by excluding the first day and including the last. Section 2-4704, Burns Indiana Statutes Annotated, 1933. Plaintiff also refers to Benson v. Adams, 69 Ind. 353, 35 Am.Rep. 220, a suit on a note, and to Wartell v. Peters Hotel Company, 70 Ind.App. 444, 123 N.E. 480, a proceeding upon a chattel mortgage, and other cases

in which time has been computed in accordance with the statutory provision. In Mathews Farmers' Mutual Live Stock Insurance Company v. Moore, 58 Ind.App. 240, 108 N.E. 155, 157, Moore had a policy on certain livestock which provided that the "Association would not be liable if any loss occurs to insured after 30 days from notice of each assessment, when assessments are unpaid." Moore had received notice of assessment from the company at 8 o'clock a. m., on April 4, 1911, and at 5 o'clock p. m. on May 4, 1911, had mailed a post-office money order to the company in payment of such assessment. At 10 o'clock p. m., May 4, 1911, a horse died. The company contended that in computing the thirty days allowed for the payment of the assessment, notice of which was received on April 4, that April 4 should be included and that, therefore, the insured was one day late in making payment of his assessment. The Appellate Court of Indiana in rejecting this contention said: "In its usual meaning and application the word 'from' is exclusive and not inclusive. It is a term of exclusion, unless by the plain meaning of the context in which it is employed, or by necessary implication, it is shown to have been used in a different sense."

The statute referred to was held in Cook v. Gray, 6 Ind. 335 and Pacific Mutual Life Insurance Company v. Alsop, 191 Ind. 638, 134 N.E. 290, not to be applicable to ordinary contracts. Numerous other Indiana cases have held that the statute is but declaratory of the uniform rule of computing time on a contract unless the contract clearly expresses a different intention. Among these, Williams v. Chambers, 85 Ind.App. 404, 154 N.E. 295. The Supreme Court of Indiana in Benson v. Adams, supra, said, "A day is a unit of time. It commences at 12 o'clock p. m. and ends at 12 o'clock p. m., running from midnight to midnight. * * * fractions of a day * * * are not generally considered * * * unless the meaning * * * is in some way restricted, it will be held to include the twenty-four hours." A contract giving real estate brokers the exclusive right to sell real estate for six months from January 10 did not expire until July 11, the word "from" excluding the day of execution of the contract. Williams v. Chambers, supra, citing 27 C.J. 908. In a policy of insurance on a horse for one year, commencing March 9, but bearing date March 14 and with a proviso that the company was not liable for a horse diseased at the time of insurance, it was held that where the horse became diseased on March 13 that the insurance was effective as of March 9 and not within the proviso. American Horse Insurance Company v. Patterson, 28 Ind. 17. In Pacific Mutual Life Insurance Company v. Alsop, supra, the policy of insurance was dated May 14, 1917, and provided that it should be incontestable after one year except for certain reasons and also provided that the annual premium was for a period terminating on May 14, 1918. The premium was actually paid May 29, 1917, and the insured died March 17, 1918. The company filed a suit on May 14, 1918, to cancel the policy for fraud and it was urged in defense that the policy had become incontestable. The court there said [191 Ind. 638, 134 N.E. 291], "There can be no doubt that May 14, 1917, was the first day of the year for which the premium was paid. On whatever day payment was made, it related back, and the policy was thereafter in force as of the date when it was issued. Therefore the policy had been in force a full year, of 365 days, at the end of May 13, 1918, and after the expiration of that period was 'after one year' of the life of the policy" (citing numerous cases in Indiana and elsewhere). To the company's argument that the words "terminating on May 14, 1918" fixed the time of the expiration of the policy year, the court replied that it merely constituted an ambiguity which must be resolved in favor of the insured, and held that the policy had become incontestable at the expiration of the policy year ending May 13.

In the case of Johnson v. Mutual Benefit Life Insurance Co., 8 Cir., 143 F. 950, 953, the application for insurance was dated December 24, 1890, the policy issued January 15, 1891. Insured's application requested that the policy be issued to him as of the age 44 and that premiums be made payable on November 11. This was so provided in the policy. At the time of the application insured's nearest birthday was 45 and on November 11 his nearest birthday was 44 by one day. In the face of a contention by the beneficiary that his annual insurance expired on January 15 the date of the policy and not on November 11, the date provided for

payment of premiums the court said, "In view of all these things we are unable to sustain the contention of the administratrix that the premium payments continued the policy in full force until the 15th of January, 1894. Such a construction is irreconcilable with that which the unambiguous conduct of the parties shows that they adopted for their own guidance. It is not of vital importance to determine their motives in the adjustment of the premium payments, but it is fairly inferable, unless we shut our eyes and ignore well-known methods employed in the insurance business, that the rule of the company was to regard the age of the applicant for insurance as being that at his nearest birthday, and that as the insured desired to obtain a lower premium rate, which was to endure during the life of the policy, he was willing to allow his first premium payment to cover a short period anterior to the date of his policy so that he might be accepted as of the age of 44." It was thus held in that case that the policy year began on November 11, because that was the intention of the parties.

While recognizing that the law of Indiana controls our decision in this case (Erie R. R. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A. L.R. 1487; Stoner v. New York Life Ins. Co., 311 U.S. 464, 61 S.Ct. 336, 85 L.Ed. ——) we find a decision of the Supreme Court of Kentucky most persuasive because of similarity of facts. In the case of Meridian Life Ins. Co. v. Milam, 172 Ky. 75, 188 S.W. 879, 880, L.R.A.1917B, 103, a policy was issued on June 8, 1914, and premiums were payable annually on June 8. Insured committed suicide June 8, 1915. The company contended under a one year contestable clause that they might contest the claim on account of suicide. In holding that the policy year began on June 8, 1914, and ended on June 7, 1915, that court used the following language: "The rule in regard to the computation of time is well settled, and is this: When the computation is to be made from the act done, the day on which the act is done must be included; but, when the computation is to be made from the day itself, and not from the act done, then the day on which the act is done must be excluded from the computation. * * * In the case at bar, therefore, the year of incontestability must be computed from

the dating of the policy, which was an act done on June 8, 1914. Manifestly, therefore, June 8, 1914, must be included in the computation, and the first year of the policy expired on June 7, 1915."

In O'Rourke v. Prudential Ins. Co., 294 Ill.App. 30, 13 N.E.2d 287, 288, the Appellate Court in holding that March 29, 1934, was within ten years from March 29, 1924, said, "It has often been held that the proper method of computing time where an act is to be performed within a particular period from a specified day is to exclude the day named and to include the day on which the act is to be done. · * * *"

Some courts have asserted the uselessness of attempting to reconcile the conflicting decisions in reference to the computation of time—New York Life Ins. Co. v. Bullock, 5 Cir., 26 F.2d 666; O'-Rourke v. Prudential Ins. Co., supra—but we think the weight of authority supports the rule of excluding the first day and including the last where no other or different method has been indicated by the parties. This is in accord with the Indiana decisions as well as the Indiana statutory enactment referred to.

These decisions are important in the determination of the question at hand, but are not to be used as a basis for overriding the intention of the parties to the insurance contract. No statutory or court made rule for computing time can supplant the determination of the contracting parties. Where intention can be discovered, no place remains for the application of rules pertaining to the reckoning of time. 6 Couch on Insurance, § 1328; American Horse Insurance Co. v. Patterson, supra. The proposition that ambiguities in insurance contracts are to be resolved in favor of the insured is well known and firmly established, but ambiguity does not arise in every instance where there is controversy. A mere assertion on the one hand and denial on the other must not be understood as creating doubt. Contention without reason does not spell ambiguity.

We think there is no ambiguity in the insurance contract under consideration, but the stipulated facts disclose a complete and explicit understanding of the parties. The application, the policy, other stipulated facts, speak eloquently the intention of the parties that the insurance

contract was to be effective as of the age 52, and to be effective on October 5, 1930, the last possible date that the rate for 52 could apply. From an insurance standpoint, insured became 53 on October 6, 1930. He well knew this and knew that if his contract was not made effective on or before October 5 that he would be required to pay a higher premium rate. Knowing this, he specifically requested that his contract be dated October 5, 1930. It is useless for appellee to now contend that no protection existed for the day of October 5, 1930, and that if death had ensued on that day no recovery could have been had. No court has ever held a policy to be ineffective on the day of its date, unless a clearly expressed intention to the contrary appears. It would be contrary to the expressed intention of the insured in this case to hold that he had no insurance on October 5, 1930.

The only possible ambiguity appearing here arises out of two letters sent to the insured by the company after the policy had lapsed. One of these letters told the insured that he was entitled to extended insurance from October 5, 1934, and the other told him that his insurance would be in force to February 5, 1939. It is asserted with some force that these are inconsistent statements and indeed, if we were to construe the word "from" as a word of exclusion and the word "to" also as a word of exclusion the period indicated would be one day short of four years and four months. However, it would seem more reasonable in placing a construction upon the word "from" to keep in mind the policy and the application and the expressed intention of the parties at the time of the contract. That they intended it to be effective on October 5 cannot be seriously challenged and that this was the meaning of the company in its later communication is apparent. In any event these communications were long after the lapse of the policy for non-payment of premium and after insured's rights (that of extended insurance) had been fixed. Insured could not have been in any manner misled unless it be thought that he formulated his suicidal plans in reliance upon it. We think the asserted inconsistency in these letters of the company was overemphasized and was not in any sense determinative of the intention of the parties. It is urged by the company that insured placed the construction contended for by the company on the contract by his act of self-destruction apparently intended to be effective on February 4. If there is any force in this argument, upon which we do not rely, it would show that insured accepted the company's statement to mean that his policy terminated at the close of the day on February 4.

A determination of the question of whether or not the policy was effective on October 5, 1930, is determinative of the main issue presented. If the policy was in effect on October 5, 1930, as we believe that it was, then the first year of insurance expired at the end of the day of October 4, 1931, for if it did not thus expire the insured would have received more than one year's protection for one year's premium. Similarly, a determination of when the four years and four months period of extended insurance expired depends upon when such period began. If it began on October 5, 1934, as we believe it did then it expired at the end of the day of February 4, 1939, and the policy was not in effect at the time of insured's death on February 5, 1939. We think the court below was in error in believing that the policy was in effect to and including February 5.

Judgment reversed.