LIBERTY SERVICE, INC. v. McKIM ET AL.

[No. 19,109. Filed April 20, 1959.]

Robert J. Fair, of Princeton, for appellant.

Curtis G. Shake and Gilbert Shake, both of Vincennes, for appellees.

KELLEY, J.—Complaint by appellant against the

appellees seeking specific performance of a provision of a lease between appellant, as lessee, and appellees, as lessors, giving appellant an option to purchase the leased real estate upon certain conditions.

The complaint alleged, among other things, that the lease term was for ten years beginning December 1, 1946, and ending November 30, 1956, and that it provided that appellant should have the right to purchase the real estate at the expiration of the lease for $5,000.00 cash; that appellant was to exercise its option to purchase by giving written notice to appellees by personally serving the same or by registered mail "thirty (30) days prior to the expiration of the said lease"; that on the first day of November, 1956, appellant "by personally serving the same on" the appellees, "gave written notice to the defendants (appellees) of its intention to exercise its said option . . . under and pursuant to the terms of said lease"; that appellees refused to convey the real estate to appellant "alleging that the written notice to exercise the option contained in said lease agreement was not delivered within the time fixed by the option provision of said lease agreement."

Appellees demurred to said complaint on the ground that it did not state facts sufficient to constitute a cause of action. The memorandum, in substance, asserted that the alleged service of notice on November 1, 1956 was not 30 days prior to the expiration of the lease. The demurrer was sustained and upon appellant's refusal to plead further, judgment was rendered against appellant on its complaint.

The complaint alleges that on November 1, 1956, appellant *personally served* appellees with written notice of its intention to exercise its option to purchase. So, the question raised by the demurrer is

whether or not appellant gave appellees said written notice "thirty (30) days prior to the expiration" of the lease.

There seems no doubt that from the language used, the lease ended or expired at the point of midnight of November 30, 1956. The lessee, in the absence of any breach of the lease, would have been entitled to the full day, that is, until midnight of November 30, 1956 to vacate the premises at the conclusion of its right of occupancy under the lease.

We are inclined to agree with the appellant that, in determining the posed question, the intention of the parties, as expressed in the writing, is controlling. We are further inclined to agree with appellant that the 30th day of November, 1956 is to be counted in computing the time because, as we have stated, the lease did not expire until the point of midnight of that day. However, the real problem comes up out of appellant's insistence that a service of the notice on appellees on November 1, 1956 was service "thirty (30) days" prior to the expiration of the lease. Is the day of service to be counted as one of the thirty (30) days provided for by the lease?

The lease contains no verbiage, terms, or conditions, indicating that the plural word "days" was used by the parties in any different sense or with any different meaning than that attributed to the single word "day" by our courts.

"A day is the unit of time. It commences at 12 o'clock P.M. and ends at 12 o'clock P.M. running from midnight to midnight. In the division of time throughout the world, we believe this is regarded as the civil day. *When the word 'day' is used* in a statute or *in a contract, it means the twenty-four hours,* and not merely the day

as popularly understood from sunrise to sunset, or during the time the light of the sun is visible. . . . But, unless the meaning of the word is in some way restricted, *it will be held to include the twenty-four hours." Benson* v. *Adams* (1879), 69 Ind. 353, 354. (Our italics.)

Therefore, it appears that the parties to this lease intended, by the words used in the instrument, that appellant, as lessee, in order to exercise its option to purchase the leased real estate, would serve appellees, as owners and lessors, with a written notice of intention to exercise the option "thirty (30) days," of twenty-four hours each, prior to the expiration of the lease at midnight of November 30, 1956. A notice served on appellees on the first day of November, 1956 would, of necessity, be served at some time during the twenty-four hour period, from the passing of midnight of October 31, 1956 to the succeeding midnight of November 1, 1956, which constituted the day of November 1, 1956. Thus it is evident that the said notice served on appellees was not given "thirty (30) days" of twenty-four hours each prior to midnight of November 30, 1956 but was given twenty-nine (29) and a fraction days prior to said expiration time.

To count November 1, 1956 as one of the thirty days prior to the expiration of the lease, as appellant proposes, would result in the making of a new contract for the parties, in that, instead of a notice for thirty days as provided by the contract, we would declare that the parties meant, and that appellees are bound by, a notice of only twenty-nine and a fraction days. In point of mutuality, it seems equitable and a proper construction of the contract, to consider that under the terms of this contract appellees were as much entitled to have counted the full day (24 hours) of

November 1, 1956 as was appellant the full day (24 hours) of November 30, 1956.

In our opinion, appellant's complaint did not state a cause of action and appellees' demurrer thereto was properly sustained.

Judgment affirmed.

NOTE.—Reported in 157 N. E. 2d 582.