# Law and Equity

IN THE

# SUPREME COURT

OF THE

## STATE OF NEW YORK.

---

THE PEOPLE, *ex rel.* Elston and others, *vs.* CHARLES S. ROBERTSON.

An under-lease, by the lessee of premises, for the whole unexpired term, reserving the right to re-enter, is a sub-lease and not an assignment, and the party giving the sub-lease can re-enter for a breach of the condition, although there is no reversion remaining in him.

A lease was for the term of ten years, to commence on the 1st day of May, 1852, and to end *on the 1st day of May*, 1862. W., the assignee of the lessee, underlet the premises to E. from the 1st day of May, 1856, to *the 1st day of May*, 1862. W. then assigned the original lease to R. *Held* that the original lease was to be construed as expiring at 12 o'clock M. of the 1st of May, 1862, and the sub-lease as expiring at 12 o'clock at night of the 30th of April, 1862. And that consequently there was a period of time between the end of the 30th of April and 12 M. of the 1st of May, during which R. had the right of re-entry and of possession of the premises.

CERTIORARI to the justice of the first district court of the city of New York, to bring up summary proceedings commenced before him by the respondent, to remove

the relators from certain premises in the city of New York, for non-payment of rent.

William E. Dunscomb, on the 2d day of February, 1852, leased the premises to Ira Wood, for the term of ten years, to commence May 1, 1852, and to end May 1, 1862, at the yearly rent of $900, payable quarterly. Ira Wood subsequently assigned and set over said lease to James Wood, who became the assignee of the lease of the whole of said premises, and was the owner of the whole unexpired term of said lease. James Wood leased to the relators, D. D. Elston and James Wickham, the whole of said premises from May 1, 1856, to May 1, 1862, (the end of the term,) at the yearly rent of $1200, payable quarterly, and they have ever since held and occupied the same under said agreement. James Wood, on the 3d day of April, 1856, assigned, transferred and set over the said lease to John F. Robertson. John F. Robertson, on the 28th day of April, 1859, assigned, transferred and set over said lease to Charles S. Robertson, the respondent. Elston and Wickham paid rent to Charles S. Robertson from April, 1859, to February 1, 1861. The rent which fell due May 1 and August 1, 1861, had not been paid, and Charles S. Robertson had demanded the same of Elston. The respondent stated in his affidavit, that said Elston and Wickham, and their under-tenants or assigns, held over and continued in possession after such demand, without the permission of the landlord. On these facts, Justice Stewart issued a summons returnable October 19, 1861, at which time the said Elston and others appeared and moved to dismiss the proceedings, on the ground that the instrument from James Wood to Elston and Wickham operated as an assignment of Wood's interest in the premises, and not as an under-lease; and that by such assignment James Wood parted with all his interest in the premises, and could not, nor did he convey any to John F. Robertson; and that John F. Robertson had no interest in the premises to assign to Charles S. Robertson, the applicant, and therefore he could not dispossess. The justice

denied the motion, and rendered a judgment in favor of the landlord that he have possession of the premises by reason of the non-payment of the rent, and that a warrant issue to remove the tenants and all persons from the said premises, and to put the landlord in full possession.

*G. O. Hulse*, for the relators. I. The justice should have dismissed the proceeding on the objection of Elston and Wickham. (1.) The instrument described in the affidavit of James Robertson, from James Wood to Elston and Wickham, operated as an assignment of all the estate which Wood then had in the premises. There was no reversionary interest left in Wood, and he could not dispossess for non-payment of rent. (*Woodfall's Landlord and Ten.* 16, 345, 346, 358. *Taylor's Land. and T.* §§ 16, 424, 431, 443, 448. *Bacon on Leases*, 128. 4 *Kent's Com.* 96. *Douglas*, 186, 7. *Hicks* v. *Downing*, 1 *Ld. Raym.* 99. *Wollaston* v. *Hakewill*, 42 *Eng. Com. L. Rep.* 297. *Childs* v. *Clark*, 3 *Barb. Ch.* 59 *et seq.* 23 *Eng. Com. L. Rep.* 147. *Van Rensselaer* v. *Gallup*, 5 *Denio*, 454 *et seq.* 6 *Hill*, 314.) (2.) James Wood was no longer liable for rent to the original lessor. (*Woodf. Land. and Ten.* 350, 353.) (3.) Elston and Wickham are liable to the original lessor for the rent during their occupation, after taking the assignment. (*Woodf.* 348, 417, 418. *Taylor*, § 444. 18 *Barb.* 608. (4.) An assignee of a lessee, after he has parted with all the remaining term, estate and interest in the thing leased, has no reversion left in the term or estate, and cannot sue for rent unpaid, nor have ejectment for possession. (*Taylor's L. and Ten.* § 444, 447 *and cases;* 449, 452, 453. 3 *Kent*, 464. 4 *Eng. C. L. Rep.* 214. 1 *Ld. Raym.* 99. *Woodf.* 346, 348, 350, 358, &c. 7 *Wend.* 467. 20 *id.* 103. 6 *Hill*, 314.) (5.) The excess of rent over that in the original lease is no part of the term; it is rent-seck, or barren-rent, without the right to distrain therefor; and where the distrainor has no reversion in the land, rent due can be collected only by an action. (3 *Kent*, 577. *Thorne* v. *Wooll-*

combe, 23 *Eng. Com. L. Rep.* 147. *Taylor's Land. and T.* § 370. *The People* v. *Haskins*, 7 *Wend.* 467.)

II. The allegation of payment of rent by the relator to the applicant, does not sustain the proceedings. (6 *Hill*, 314. *Davis, receiver,* v. *Morris & Hudson, opinion of this court, Nov. general term,* 1861.)

*Warren G. Brown,* for the respondent. I. The affidavit on which these proceedings are founded, expressly alleges that James Wood " let and leased" to Elston and Wickham, and they.took the premises " as tenants." " And have ever since continued to hold and occupy said premises as such tenants by virtue of said agreement." Besides, Elston and Wickham paid rent to this defendant as their landlord, under this lease, for eight quarters. And yet, in view of all these uncontradicted facts, the court is asked to hold that this instrument was an assignment which all the parties intended should be an under-lease, and understood was an under-lease. We have also in this uncontradicted affidavit, the statement that the respondent Charles S. Robertson is the landlord of Elston and Wickham, and that he owns and ·has owned said lease since 28th of April, 1859. (*Estate of Norsworthy* v. *Bryan,* 33 *Barb.* 153.)

II. All these express and uncontradicted statements must surely prevail to show that the instrument from James Wood to Elston and Wickham was in fact and in law what it purports to be on its face—an under-lease—unless its termination on the same day as the original lease necessarily makes it an assignment, whatever may be the conditions, covenants, limitations or provisions of the instrument in question. Now *Post* v. *Kearney* (2 *Comst.* 394) is a case precisely in point, to show that an assignee of a lessee remains such assignee, and is thus liable on covenants running with the land, although he has sublet for the whole period of his unexpired term. In that case the court say : " The lease between the parties is in the usual form, with covenants by the lessee for

the payment of rent and for the surrender of the premises at the close of the term in good order and condition. Shepard did not hold the premises as assignee, but as the under-tenant of the defendant." (*Page* 396. *Taylor's Land. and Ten.* § 426 ; *Id.* § 16. *Williams* v. *Hayward,* 5 *Jurist,* (*U. S.*) 1859, *p.* 1417. *Clarke* v. *Coughlan,* 3 *Irish Law Rep.* 427. 1 *Sand. S. C. Rep.* 105–9.) The court will presume in favor of the truth of the averments in the affidavits, and not presume them false. The affidavit states explicitly that the instrument in question is an under-lease, and the court of appeals say the under-lease may expire on the same day as the original lease. How can this court say that this lease does not contain this very provision for the surrender of the premises at the close of the term ?

III. The relators might, by putting in a counter affidavit, have denied the making of the under-lease, and that " the said Elston and Wickham, therein and thereby, as tenants of the said James Wood, took the whole of said premises." And the other facts showing it to be such, and then the production of the lease itself, would have raised the question, undertaken to be raised here. The affidavit of the conveyance of a piece of real estate, or of the making of a will or lease, is always made in this form ; no one ever sets out the words of the instrument itself. It is enough here to say that the instrument is sworn to be an under-lease, and that the fact has not been put in issue, as authorized by law ; and, therefore, the relators are not in a position to dispute that fact. (*Matter of Norsworthy* v. *Bryan,* 33 *Barb.* 153.)

IV. The tenants, Elton and Wickham, paid to the respondent rent of these premises from April 28, 1859, to February 1, 1861, inclusive. And from these payments the court will presume an agreement, and, of course, the relation of landlord and tenant, which would sustain these proceedings without any thing else. (*McFarlan* v. *Watson,* 3 *Comst.* 286.) It would be binding at least until the 1st of May next after the last payment of rent. (2 *R. S.* 29, § 1, 3*d* ed.) A ten-

ant at will, or at sufferance, may be removed under these pro-ceedings. (2 *R. S.* 603, § 28, 3*d ed.*)

V. If the respondent had not authority to turn the relators out for non-payment of rent, then nobody could. The under-lease was made to Elston and Wickham; they agreed to and did pay rent, and were in possession for five years. Now who could turn them out for non-payment of rent? Not James Wood; for he had assigned certainly his right to the rent, to Robertson, (this respondent,) and the relators claim that Robertson could not dispossess them for non-payment of rent. In this way Elston, who is and was in fact insolvent, could occupy to the end of his lease without paying any body. (*Williams* v. *Hayward,* 5 *Jurist, N. S.* 1859, *p.* 1417. *Clarke* v. *Coughlan,* 6 *Irish Law Rep.* 427.)

VI. A tenant cannot deny the title of his landlord. By paying rent under this lease to the respondent as his land-lord, they recognized him as such, and after that he certainly cannot deny the title of his landlord, which carries with it the right to institute these proceedings. (*Ingraham* v. *Bald-win,* 5 *Seld.* 45. 3 *Wend.* 339. 7 *id.* 401. 7 *Cowen,* 717.)

VII. But, in fact, the term of the original lease from Dunscombe to Ira Wood, which was assigned to James Wood, extended one day longer than the under-lease, from James Wood to Elston and Wickham. The original lease from Dunscombe to Ira Wood, was " to commence on the 1st day of May, 1852, and to end on the 1st day of May, 1863," and obviously includes both days. The under-lease from James Wood to Elston and Wickham was " to the 1st day of May, 1862," which would not include that day, though it may be extended to 12 o'clock at noon of that day, on proof of a usage to that effect, in the place where the property is situated. (*Wilcox* v. *Wood,* 9 *Wend.* 346.)

*By the Court,* INGRAHAM, J. The relators complain of the decision of the justice, in this case, on the ground that the respondent had no title in the land which would enable

him to obtain possession thereof for non-payment of rent, under the statute.

One James Wood had a lease of the premises, which had been assigned to him. This lease was not put in evidence. The affidavit on which the proceedings were founded stated that the lease was for ten years, to commence on the 1st day of May, 1852, and *to end on the 1st day of May*, 1862. While holding this lease, Wood underlet to the relators the premises from the 1st day of May, 1856, *to the 1st day of May*, 1862. After this lease, Wood assigned the original lease to John F. Robertson, who assigned to the respondent. After the assignment the relators paid rent to the respondent, as landlord. This proceeding was to obtain possession of the premises, for the non-payment of rent. The main question in the case is, whether the under-lease operated as an assignment of all the interest of Wood in the premises.

In *Post. v. Kearney*, (2 *N. Y. Rep.* 394,) it was held that an under-lease by the lessee of premises, for the whole unexpired term, which contained a covenant to pay rent and surrender the possession of the demised premises at the end of the term, to the original lessee, did not operate as an assignment, but as an under-lease. The same was held in *Piggot v. Mason*, (1 *Paige*, 412.) And in *Linden & Fritz v. Hepburn*, (3 *Sandf. S. C. Rep.* 668,) the court held that such an under-lease reserving the right to re-enter was a sub-lease, and not an assignment, and that the parties giving the under-lease could re-enter for a breach of the condition, although there was no reversion remaining in them. (*See also Doe ex dem. Freeman v. Bateman*, 2 *B. & Ald.* 168.)

Even if the rule were otherwise, the facts in this case are not so proven as to enable the relators to avail themselves of it. They have seen fit to rely on the statements in the affidavit, without putting in evidence the leases on which the question arises. By this affidavit it appears that the original lease expired on the 1st of May, 1862. This would be construed as expiring at 12 o'clock of that day. The under-lease

is stated to be from the 1st of May, 1856, *to* the 1st of May, 1862. This would expire at 12 o'clock at night of the 30th of April; and there is in fact a period of time between the end of the 30th of April and 12 M. of the 1st of May, during which the respondent had the right of re-entry and of possession of the premises.

Under either view of the question, the respondent is entitled to judgment.

[NEW YORK GENERAL TERM, November 24, 1862. *Ingraham, Leonard* and *Barnard*, Justices.]