JAMES A. BUCHANAN, Appellant, *v.* STEPHEN M. WHITMAN, Respondent.

*Lease — day of the date thereof included in the term — right of renewal given to the tenants — cannot be exercised by one.*

By the weight of authority in the State of New York the day of the date of a lease is included in the term unless the instrument shows a contrary intention or custom a different usage.

Where a lease given to two tenants contains a right of renewal, and the partnership between the tenants has been dissolved prior to the expiration of the original term and one of the tenants alone remains in possession of the premises, he cannot renew the lease without the consent of his co-tenant, and the landlord is not bound to grant a renewal of the lease to him alone.

APPEAL by the plaintiff, James A. Buchanan, from a judgment of the County Court of Orange county in favor of the defendant, entered in the office of the clerk of the county of Orange on the 29th day of June, 1893, upon the decision of the court, reversing the judgment of a justice of the peace of the town of Deerpark, Orange county, in favor of the plaintiff.

*H. B. Fullerton,* for the appellant.

*Lewis E. Carr,* for the respondent.

CULLEN, J.:

This is an appeal from a judgment of the County Court which reversed a judgment for the plaintiff in summary proceedings to recover demised premises.

We think that the lease included the eighth day of April, and terminated at the expiration of the seventh day of April the next year. The weight of authority in this State includes the day of the date of a lease in the demised premises, unless the instrument showed a contrary intention, or custom a different usage, though it must be confessed that there is no very clear adjudication on the question. ( *Wilcox* v. *Wood*, 9 Wend. 346 ; *Deyo* v. *Bleakley*, 24 Barb. 9 ; *People* v. *Robertson*, 39 id. 9.)

In *Mack* v. *Burt* (5 Hun, 28) the lessee was to have possession "from and after May 1st." This expression unquestionably excluded the first of May, but it is not an authority for this case.

The lease gave the tenants a right of renewal. But the lease was made to two tenants, and the partnership between them had been dissolved prior to the expiration of the original term. It appears that Whitman alone remained in possession. He could not renew the lease without the consent of his co-tenant, and the landlord was not bound to renew the lease to him alone. (*James* v. *Pope*, 19 N. Y. 324.)

. On the conceded facts, therefore, we think that the plaintiff was entitled to recover.

The judgment of the County Court should be reversed, and that of the justice affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Judgment of the County Court reversed, and that of the justice affirmed, with costs.