JAMES A. BUCHANAN, Respondent, v. STEPHEN M. WHITMAN, Appellant.

1. LEASE — DURATION OF TERM. When a lease for a year "from the date" thereof has been practically construed by the parties to commence on the day of its date by a taking of possession then, that day is to be included in computing the year, and the term expires at midnight on the preceding day in the next year.

2. LEASE TO PARTNERSHIP — DISSOLUTION — HOLDING OVER. A holding over by one of several partners under a lease made to the partnership, the other partners retiring, does not of itself renew or continue the tenancy after the expiration of the original term, so as to entitle the party so in possession to the benefit of a covenant for renewal.

Buchanan v. Whitman, 76 Hun, 67, affirmed.

(Submitted December 10, 1896; decided December 22, 1896.)

APPEAL, by permission, from a judgment of the General Term of the Supreme Court in the second judicial department, entered February 26, 1894, which reversed a judgment of the Orange County Court, reversing a judgment of a justice of the peace of the town of Deerpark, Orange county, in favor of the plaintiff.

The nature of the proceedings and the facts, so far as material, are stated in the opinion.

*Lewis E. Carr* for appellant. The action was commenced before the expiration of the original term and the plaintiff, when he filed his petition, had no right to remove the defendant. (*Wilcox* v. *Wood*, 9 Wend. 346; *People* v. *N. Y. C. R. R. Co.*, 28 Barb. 284; *Ex parte Dean*, 2 Cow. 605; *Snyder* v. *Warren*, 2 Cow. 518; *Marsh* v. *Masterson*, 22 N. Y. S. R. 40; *C. T. Road* v. *Haywood*, 10 Wend. 422; *Dayton* v. *McIntyre*, 5 How. Pr. 117; Code Civ. Pro. § 787; *Cornell* v. *Moulton*, 3 Den. 12; *Marvin* v. *Marvin*, 75 N. Y. 240, 243; *Laughran* v. *Smith*, 75 N. Y. 205; L. 1892, ch. 677.) The judgment was properly reversed because the defendant was rightfully in possession under the covenant for renewal if the term had, in fact, expired. (*Laughran* v. *Smith*, 75 N. Y. 205; *Adams* v. *City of Cohoes*, 127 N. Y. 175; *Schuyler* v. *Smith*, 51 N. Y. 309; *Kelso* v. *Kelly*, 1 Daly, 419.) It was error to admit the evidence put in by the plaintiff showing a breach of the conditions of the lease, and that error was fatal to the judgment. (*McNeil* v. *Scoffield*, 3 Johns. 436; *Vil. of Penn Yan* v. *Thorne*, 6 Hill, 326.)

*H. B. Fullerton* for respondent. The action was properly brought on the 8th day of April, 1893, for the reason that the one year named in the lease as its term had expired. (*Wilcox* v. *Wood*, 9 Wend. 346; *Deyo* v. *Bleakley*, 24 Barb. 9; *People ex rel.* v. *Robertson*, 39 Barb. 9; Code Civ. Pro. §§ 2231, 2238.) Under the terms of the order permitting the appeal granted by the General Term of the second department, the foregoing is the only question properly before the court upon

this appeal. (Code Civ. Pro. § 191.) There was no obligation on the part of Buchanan to renew the lease to Whitman after the dissolution of Whitman & Goble who were the second parties to it originally. (*James* v. *Pope*, 19 N. Y. 324.) The judgment rendered by the justice of the peace and a jury in this case will not be reversed for error in the admission of evidence if it appears from the whole case no injustice has been done. (8 Daly, 53.)

Bartlett, J. The plaintiff instituted summary proceedings to recover possession of premises leased by him to defendant, on the ground that the tenant was holding over after the expiration of his term. The defendant answering the petition, denied that the term of his tenancy had expired, and averred that under the provisions of the lease he had the privilege of renewal for another year, of which he had availed himself.

The first important question presented is whether the term of the tenancy had expired when these proceedings were begun. The lease, bearing date the 8th day of April, 1892, contained this provision: "This lease is to extend for the term of one year from the date hereof." On the 8th of April, 1893, the plaintiff began these proceedings, and the question is presented whether he acted prematurely in so doing. It is the contention of the counsel for the defendant that the term of the lease continued during the entire day of April 8th, 1893; while the plaintiff's counsel insists that the lease expired at midnight, April 7th, 1893.

This is a subject upon which a great diversity of opinion has prevailed in the courts of England and this country. Lord Mansfield, in *Pugh* v. *Duke of Leeds* (Cowp. 714), laid down the rule that "from the day" may either include or exclude that day, according to the context and subject-matter. It has been held in many cases that the court will so construe a lease as to carry out the intention of the parties if possible.

Mr. Parsons, in his work on Contracts, says: "The computation shall always conform to the intention of the parties

so. far as that can be ascertained from the contract aided by all admissible evidence." (2 Pars. on Con. 175.) This rule is recognized in a late English work. (Foa on Landlord and Tenant [2d edition, 1895], p. 85.) There are also text books in this country which announce the same doctrine. (4 Kent Com. 95, note b ; McAdam on Landlord and Tenant, p. 187.)

In *Deyo* v. *Bleakley* (24 Barb. 9) the General Term of the Supreme Court held that where the period for which the lease was granted was from the first day of April, 1853, for a term of five years, that the day of the date of the lease was included in computing the term. The learned court was led to this conclusion by the fact that rent was made payable on the first day of April, July, October and January in each year, thus disclosing the clear intention of the parties that the term of the lease should begin on the 1st day of April, 1853.

In the case at bar we find that the parties have given a practical construction to the lease under consideration. The plaintiff, testifying in his own behalf, stated, among other things, that the lessees took possession of the premises April 8th, 1892. It would be difficult, in the face of this uncontradicted fact, to hold that the lease did not commence on that day. It is, therefore, unnecessary to decide the question argued by the appellant as to the effect of the language already quoted from the lease standing alone and unexplained by the acts and intention of the parties.

This leads to the conclusion that the tenancy terminated at midnight on the 7th of April, 1893, and that these proceedings were not prematurely instituted.

The remaining question is whether the defendant was holding over under an election to remain in the premises for another year. The evidence discloses that when the lease was given the defendant was in partnership with one George H. Goble, and that both partners signed it.

The plaintiff testifies that he was not notified of any dissolution of the partnership, although he had heard both parties say that a dissolution had taken place " within the last year."

We do not think such an occupation as that of defendant, entirely unexplained, operated to renew the tenancy after the expiration of the original term granted to the partnership.

The counsel for defendant cites the petition of plaintiff in this proceeding as a recognition of defendant as his substituted tenant in the place of the partnership, thus putting himself in a position where he could not deny the right of defendant to the benefit of the covenant for a renewal.

The petition avers that the defendant was in occupation of the leased premises, but follows this up by the further allegation that he leased to defendant and Goble, and that there was a holding over after the expiration of term without the permission of the landlord.

There is no proof that the landlord recognized the defendant as his tenant after the dissolution of the partnership or accepted payment of rent from him as an individual tenant under any new agreement expressed or implied.

The case falls within the principle laid down by this court in *James* v. *Pope* (19 N. Y. 324), to the effect that where one of several partners holds over under a lease made to the partnership, the other partners retiring, it does not renew or continue the tenancy after the expiration of the original term.

The defendant's counsel insists that it was fatal error for the justice to admit evidence offered by the plaintiff, showing a breach of certain conditions of the lease.

As the result of the views already expressed in this opinion is to render it impossible, as matter of law, for defendant to successfully defend this proceeding, the question of evidence need not be considered.

The judgment appealed from should be affirmed, with costs.

All concur.

Judgment affirmed.