MARCELINO GARCIA et al., as Executors of MANUEL DIAZ, Deceased, et al., Plaintiffs, *v.* PAN AMERICAN AIRWAYS, INC., et al., Defendants.

Supreme Court, Westchester County, September 8, 1944.

*T. Catesby Jones* and *Francis X. Nestor* for plaintiffs.

*Donald Havens* and *David L. Corbin* for Pan American Airways, Inc., defendant.

COYNE, J.   This is a motion by plaintiffs for an order striking out the first, second and third affirmative defenses from the answer of the defendant Pan American Airways, under rules 103 and 109 of the Rules of Civil Practice, upon the ground that the same are sham, irrelevant and insufficient in law.   The complaint contains seven causes of action, six for wrongful death and one for damage sustained by reason of the loss of decedent's baggage and personal effects.   The answer sets forth five separate affirmative defenses, the first three of which are attacked on the present motion.

In each of the defenses at issue, the defendant invokes the provisions and limitations of the rules relating to international air transportation as established at the Warsaw Convention on October 12, 1929, to which convention the United States of America, by presidential proclamation, subsequently adhered (49 U. S. Stat. 3000).

Under the facts and the law, I am impelled to reject plaintiffs' contention that the treaty resulting from the said convention is unconstitutional, and the contention that its provisions are without force and effect in the absence of implementing legislation.   The power to declare a law unconstitutional should be

exercised cautiously by a lower court and avoided if possible; and unless it appears clearly, without the slightest doubt, that the law is unconstitutional, it is the better practice for the lower court to assume its constitutionality until the contrary is declared by a court of appellate jurisdiction. This policy is especially desirable where the law is of great importance and far-reaching effect, or if the law has been effective for an appreciable period of time (16 C. J. S., Constitutional Law, § 93, subd. b).

It is vigorously contended by the plaintiffs in support of the motion that the rules formulated at the Warsaw Convention are inapplicable in the present action because, plaintiffs contend, the transportation involved was not *international* (italic mine) in its nature. Consequently, plaintiffs argue, the rules formulated at the convention are inapplicable and the defenses based thereon are insufficient and sham. The convention rules are expressly declared to be applicable only to the international transportation of persons, baggage and goods (art. I, par. 1). The term " international transportation " insofar as it is pertinent to the present motion, is defined therein as any transportation in which, according to the contract made between the parties, the place of departure and the place of destination are situated within the territory of a single high contracting party, if there is an agreed stopping place within a territory subject to the sovereignty, suzerainty, mandate and authority of another power, even though that power is not a party to the convention (art. I, par. 2). In determining the international character of the transportation, allusion must be had solely to the provisions of the contract entered into between the parties. Examining the contract herein, it appears that New York is designated as both the place of departure and the place of destination, with agreed stopping places at territories subject to the sovereignty of other powers. The carriage in the present instance is explicitly within the meaning of " international transportation " as that term is defined in the rules. I am not in accord with the other arguments advanced by plaintiffs in attempting to remove the instant flight from the purview of the convention. The severability of the flights is not the criterion or the gauge for measuring the international character of the transportation within the meaning of the definition. The terms of the contract alone control.

Giving all due consideration to the contentions of the plaintiffs, the motion must nevertheless be denied in all respects. Motion denied. Submit order.