RUTH N. DUMONT et al., Suing on Their Own Behalf and on Behalf of All Stockholders of Lyon-Raymond Corporation, Similarly Situated, and on Behalf of Said Corporation, Respondents, v. GEORGE G. RAYMOND et al., Appellants.

Third Department, June 29, 1945.

*Keenan, Harrison & Coughlin* (*George G. Coughlin* of counsel), for appellants.

*Thomas W. Ryan* (*Hinman, Howard & Kattell* of counsel), for respondents.

BREWSTER, J. This is a minority stockholder's derivative action. The plaintiffs' minority holding is considerable, viz: 48.79% of the common stock and one plaintiff also owns 14.95% of the outstanding preferred stock. Defendants own none of the latter but all of the rest of the common save one share, or about 50.95% thereof, and of this defendant George G. Raymond

owns all but six shares, five of which belong to his wife, and one to his attorney, the other defendants.

The complaint in brief while not formally and expressly charging defendants with fraud in the management of their control of the corporation, does charge them with waste in (a) having used corporate funds to pay certain of their personal expenses of living, and (b) manipulating their salaries for their own personal benefit and against the interests of the other stockholders.

Plaintiffs have furnished a voluminous bill of particulars of defendants' alleged wrongdoings. In many instances the specifications refer to relatively trivial matters and as to these and some others they may on their face bespeak a preclusion of complaint in the light of the " business judgment rule " (*Flynn* v. *Brooklyn City R. R. Co.*, 158 N. Y. 493, 507; *Chelrob, Inc.*, v. *Barrett*, 293 N. Y. 442; *City Bank F. T. Co.* v. *Hewitt Realty Co.*, 257 N. Y. 62; *Pollitz* v. *Wabash R. R. Co.*, 207 N. Y. 113; *Schwab* v. *Potter Co.*, 194 N. Y. 409) and also the rule as to the presumption of propriety in corporate payments (*Rathbone* v. *Ayer*, 196 N. Y. 503; *Drivas* v. *Lekas*, 265 App. Div. 1003; *Gilbert Paper Co.* v. *Prankard*, 204 App. Div. 83; *Hartford Accident & Indemnity Co.* v. *Oles*, 152 Misc. 876) since on the motion, the fact of the corporate payments criticized by plaintiff has been conclusively shown.

The motion to dismiss, however, is under the latter part of rule 113 of the Rules of Civil Practice. Thus, while the verity and conclusiveness of the fact of corporate payments are established, I agree with DEYO, J., at Special Term, that in view of the allegations of the complaint to the effect that they were wastefully made to the personal gain of the defendant officers and directors in control, triable issues respecting them are not thereby conclusively eliminated. The mere fact of the corporate payments may not, I think, be said on a motion of this kind to establish a prima facie defense to such charges as the complaint makes. This consideration applies with still greater force as to the complaint's charge as to payment of salaries which, although left-handedly stated, may, I think, in effect charge that they were excessive.

I recommend that the order be affirmed.

All concur.

Order affirmed, with $10 costs and disbursements.