ELLEN J. Ross et al., Plaintiffs, *v.* PAN AMERICAN AIRWAYS, INC., Defendant.

Supreme Court, Special Term, New York County, December 18, 1947.

*Donald Havens* for defendant.

*Irving Lemov* for plaintiff.

BOTEIN, J. This is a motion pursuant to rules 113 and 114 of the Rules of Civil Practice for summary judgment dismissing the first cause of action. It is clear from the moving papers that even if the defendant's contentions are correct plaintiff may be entitled to recover up to $8,291.87. The cause of action may not be dismissed pursuant to rule 113 of the Rules of Civil Practice merely because it seeks an excessive amount of damages. Nor may defendant obtain relief under rule 114 of the Rules of Civil Practice. That rule authorizes relief in favor of a defendant where a motion to dismiss a complaint under rule 113 " * * * applies only to one or more of several causes of action or to one or more of several parties plaintiff or defendant, and * * * defendant's contentions are sufficient to dispose of the claims of the complaint in such part

\* \* \* ''. The claim asserted in the cause of action sought to be dismissed is a single and entire one and does not consist of one or more of several causes. It is to be noted that defendant does not concede that plaintiff is entitled to judgment in the sum of $8,291.87 and does not move for judgment in favor of the plaintiff in that sum, as did the defendant in *Garcia* v. *Pan American Airways, Inc.* (N. Y. L. J., April 26, 1947, p. 1644, col. 3). Motion denied.

(On reargument, February 10, 1948.)

On this motion by defendant for reargument plaintiffs state in their brief that they do not '' urge the technical ground in opposition to the motion for summary judgment that summary judgment does not lie or that Rule 113 of the Rules of Civil Practice does not apply to the instant case.'' Since plaintiffs as well as defendant desire a determination of the merits, the court will decide the original motion without regard to procedural obstacles.

The question presented is whether the Warsaw Convention requires a holding that the defendant's liability cannot exceed the sum of $8,291.87. Defendant relies upon the case of *Garcia* v. *Pan American Airways, Inc.* (183 Misc. 258, affd. 269 App. Div. 287, affd. 295 N. Y. 852, certiorari denied 329 U. S. 741). Plaintiffs attempt to distinguish the cited case on two grounds, (1) that the defendant did not deliver a passenger ticket as required by article 3 of the Warsaw Convention, and that the plaintiffs have alleged that the defendant was guilty of willful misconduct and therefore, by virtue of the provisions of article 25 of the Convention, defendant is not entitled to avail itself of the provisions of the Convention which exclude or limit liability.

The second ground may be disposed of briefly. The motion seeks dismissal only of the first cause of action. That cause is predicated solely upon the alleged negligence of the defendant and contains no averment charging willful misconduct on the part of defendant. It is the third cause of action, not affected by the present motion, which alleges that the accident occurred as the result of willful misconduct by the defendant.

The claim that the defendant did not make delivery of a ticket within the meaning of article 3 of the Warsaw Convention also appears to be without merit. The Convention does not require that physical delivery be made to the passenger in person. The moving affidavit of defendant's traffic representative states that the ticket issued in the name of the female plaintiff was delivered to a Mr. Abraham of U. S. O. Camp Shows, Inc. The plaintiff

was one of a group of entertainers scheduled to make the flight for the purpose of entertaining soldiers in the European area under the management of U. S. O. Camp Shows, Inc. The affidavit of the female plaintiff admits that " Mr. Abraham was in charge of all arrangements up to the point of embarkation ". Abraham's affidavit also concedes that he was in charge of arranging transportation for the group, which included the female plaintiff. It seems clear that even if Abraham had no express authority to receive a ticket on behalf of the female plaintiff he had implied authority to do so and that the delivery of the ticket to him is binding upon said plaintiff. The cases relied upon by the latter are not in point. The case of *The Majestic* (166 U. S. 375) involved the question whether notice on the ticket regarding limitation of liability, which was however not made part of the contractual part of the ticket, was binding on the passengers.

The motion for reargument is granted and upon such reargument the original motion to dismiss the first cause of action is granted, with leave to amend the same by reducing the amount of the damages demanded to $8,291.87. Settle order.