Vaughan, J.
On February 26, 1946, the plaintiffs, husband and Avife, entered into a lease with the defendants, James V. and Peter J. Cassata, brothers, covering the lower floor of premises located at 14 Santee Street in the city of Rochester, for the period of three years commencing March 3, 1946, and expiring March 3, 1949. The premises so leased were to be used for the purpose of a bakery and for the retail sale of food and items ordinarily handled in a food store. The lease contained a pro-vision that it should not be assigned or the premises sublet -without the landlords ’ written consent.
Paragraph 3 of the lease provided, in part, as follows: ‘1 That the second parties shall have the right to renew this lease for an additional period of three years upon all the terms and conditions herein stated, provided they shall notify the landlords accordingly, on or before September 1st, 1948 * * *."
Thereafter and on April 12, 1946, the two brothers, James V. and Peter J. Cassata formed a partnership for the conduct and transaction of their business at No. 14 Santee Street under the name of “ Bakery Delight This-partnership continued until the 19th day of August, 1947, when it was dissolved by the withdrawal of Peter J. Cassata therefrom. On that occasion the two brothers entered into a written agreement by which Peter J. Cassata sold to his brother his one-half interest in the partnership, including the lease, all tangibles and all accounts receivable, machinery equipment, merchandise and every other asset constituting the partnership assets. The certificate of Avithdrawal of Peter J. Cassata from the partnership is dated August 19, 1947, but was not filed in Monroe County Clerk’s Office until November 10, 1948. Between the time of Avithdrawal of Peter from the partnership and the time of the filing of the certificate of -withdrawal, and on March 17, 1948, James V. Cassata, by letter, notified the plaintiffs ’ landlords of the intention to renew the lease for a period of three years from its expiration. The letter reads as follows:
“ March 17th, 1948
Mr. and Mrs. Genuino Zazzara
14 Santee Street
Rochester 6, New York
Dear Mr. and Mrs. Zazzara:
The Cassatas, your tenants, do- hereby pursuant to the lease from you dated February 26th, 1946 covering premises at 14
*617 Santee Street, Rochester, New York, notify you that they hereby exercise their right to renew said lease for the period of three (3) years, as referred to in paragraph ‘ 3 ’ of the lease.
Very truly yours,
Harry Z. Harris
HZH:eme ”
James V. Cassata, following the withdrawal of his brother from the partnership, continued to carry on the business as theretofore and made payment as called for by the lease. After the expiration of the lease, the landlords brought summary proceedings to dispossess James Y. Cassata from the premises, it being the landlords’ contention that his attempted renewal of the lease was without effect in that, under the terms of the lease, the privilege of a renewal vested in both James Y. and Peter J. Cassata and was only exercisable by both.
The action was tried in the Civil Branch of the City Court of Rochester, resulting in the direction of a verdict in favor of the plaintiffs. Thereafter an appeal was taken to the County Court of Monroe County where the final order and judgment appealed from were affirmed. The case now comes to this court for disposition.
The sole question as I see it is whether James Y. Cassata may exercise the option to renew without the joinder of his brother, Peter J. Cassata, or in other words, did James Y. Cassata have the sole right to exercise the option to renew and were the landlords bound to recognize such option to renew?
The fact that subsequent to the original lease the two Cassatas entered into a partnership agreement to my mind has little if any bearing upon the disposition of this appeal. When the lease was originally entered into, the status of the two Cassatas was that of cotenants or colessees. If Peter had not withdrawn from the undertaking, the right to renew the lease would have to be exercised by both James and Peter. Having withdrawn from the undertaking, he divested himself of all rights in the lease to his brother James. The query immediately arises: “ Can James, the remaining colessee, exercise the option for renewal or extension of the lease? ”
This court in Foster v. Mulcahey (196 App. Div. 814, 817) Mr. Justice Davis writing, held: ‘ ‘ Where there are two tenants, in order that they may make a new contract by exercising an option, it must be done by their united action, either by giving such notice or by jointly holding over, and thus raising the implication that they have made such election.” We find similar language in *618 Buchanan v. Whitman (76 Hun 67, affd. 151 N. Y. 253) wherein the court said: “ The lease gave the tenants a right of renewal. But the lease was made to two tenants, and the partnership between them had been dissolved prior to the expiration of the original term. It appears that Whitman alone remained in possession. He could not renew the lease without the consent of his co-tenant, and the landlord was not bound to renew the lease to him alone.”
It follows that the judgment appealed from should be affirmed, with costs.
All concur. Present — Taylor, P. J., McCurn, Love, Vaughan and Kimball, JJ.
Judgment affirmed, with costs.