## Bernstein et al. v. Kaplan

*Needle, Needle & Needle*, for plaintiffs.

*Will Leach, S. Augustus Davis and J. Desmond Kennedy*, for defendant.

EAGEN, J., February 1, 1950.—In April 1942 Frieda Kaplan, defendant, in writing leased certain premises, to be used as a slaughterhouse, to the five individuals, who are plaintiffs herein. Approximately one year later, because of improvements to the premises, in part made by the lessor and in part by one of the lessees (Max Bernstein) and in consideration of a promise to pay an increased rental, a supplemental agreement to the lease was executed, wherein the term was extended. It was signed by the lessor and only three of the five original lessees.

The slaughterhouse during the term of the lease was operated by Max Bernstein, one of the lessees, who traded under the name of the Mid-Valley Beef Company.

The supplemental agreement to the lease gave the lessees a nonassignable option to continue or renew the lease at the end of the term (January 31, 1949) for an additional period of four years providing, inter alia, that "the lessees shall give lessor written notice by registered mail of their intention to exercise this option on or before November 1, 1948, and lessees shall execute on or before December 31, 1948, a written lease agreement concerning said premises."

On October 26, 1948, Max Bernstein and his brother Edward Bernstein sent a registered letter to the lessor signifying the intention of the lessees to exercise their option to renew or continue the lease. The lessor immediately signified by return mail the intention of refusing to enter into any renewal of the lease unless the rental payments specified were increased. When no such agreement was forthcoming from the lessees, the lessor caused her attorney on January 26, 1949, to demand possession of the premises at the end of the term, January 31, 1949. This action in equity was instituted shortly thereafter to compel defendant to comply with the terms of the lease agreement and to restrain her

from interfering with the lessees' possession of the leased premises during the renewal period called for in the lease.

The notice of the lessees' intention to exercise the right to renew was undoubtedly legally sufficient although not executed by all of the lessees. Section 20 of the lease specifically provides that any notice required by the lessees in connection with the lease may be given by any of them with full force and effect.

However, during the cross-examination, Max Bernstein admitted that his brothers had no intention of signing the new lease and that the new agreement was to be executed by himself alone. This is fatal to his case.

In our opinion the original lease was a personal agreement of the five individual lessees. Such being the case, the lessor, in our opinion, has the legal right to insist that the renewal agreement be signed by the same individuals, each and every one.

While no Pennsylvania case directly in point has been called to our attention, it seems to be the general rule that a right to renew cannot be exercised by any less than all of the colessees. See 32 Am. Jur. 832, §989, and 51 C. J. S. 601, §58.

In Goldberg et al. v. Himlyn et al., 201 N. Y. S. 837, the court held:

"It is well settled, however, that where a lease is made to two or more tenants jointly, with covenant for a renewal or a privilege for an additional term, it cannot be exercised by one of them alone. 16 R. C. L. 898; Finch v. Underwood, L. R. 2 Ch. Div. 310; Buchanan v. Whitman, 76 Hun, 67, 27 N. Y. Supp. 604, affirmed 151 N. Y. 253, 45 N. E. 556; James v. Pope, 19 N. Y. 324, Foster v. Mulcahey, 196 App. Div. 814, 188 N. Y. Supp. 151."

At first, we are frank to admit, that we were of the opinion that defendant had waived her right to insist

upon each and every lessee executing the renewal lease. We are not now of that mind. Undoubtedly, defendant knew that the premises were being used exclusively by one of the lessees. In addition, she accepted the rental payments over the years from him individually. We doubt her right to complain of this fact, but if such right existed she certainly waived it. We are speaking now only of the operation of the slaughterhouse by one of the lessees rather than all of them. We are not speaking of her right to have each and every one execute the lease agreement and we do not believe that any waiver of that right existed, or at least that sufficient facts have been established to justify such a conclusion.

What is in fact happening here is that we are not asked to enforce a renewal of the lease for the benefit of the lessees, but rather to enforce a new lease for the benefit of one of them.

There is also serious doubt as to plaintiffs' right as a group to institute this action under the trade name Mid-Valley Beef Company since plaintiffs as a group have not complied with the registration requirements of the Fictitious Names Act. See Iannuzzio v. Thomas, Sept. term, 1940, no. 33 (C. P. of Lackawanna County.)

We have carefully considered the cases of McNeal v. Farmers' Market Company, 43 Pa. Superior Ct. 420, and White et al. v. Long et al., 289 Pa. 525, but feel that they are readily distinguishable and not controlling. In the former instance, one of the two lessees sold out to the other and it was held that the latter had the right to exercise the option to renew for his exclusive benefit. However, in that case the person seeking the right had before purchasing his cotenant's interest notified the landlord of his intention and received approval of his action and assurance of the renewal. In the latter case, lessee was a partnership. When the time arrived for the exercise of the option to renew the same individuals did not constitute the firm as at the time

the contract of lease was executed. The court held that the original lease was not intended to be a personal covenant with the parties constituting the firm but to bind the firm as a partnership only. . . .

### Conclusions of Law

1. Where a lease is made to two or more tenants, a covenant for renewal or a privilege for an additional term cannot be exercised by one of them alone.

2. The facts in this case do not establish a waiver of the lessor's legal right to insist that the renewal lease be executed by each and every one of the lessees.

3. Under the terms of the lease involved one of the lessees could notify the lessor of their intention to exercise the right or option to renew with the same force and effect as if the notice was given by all of them.

4. The lessor's failure to demand compliance and her failure to complain of the lessee's neglect to install certain machinery in the premises as specified in the lease amounted to a waiver on her part and acquiescence in such action.

5. The injunction heretofore granted in this case should be dissolved.

In view of the foregoing, we direct that as of March 15, 1950, the injunction heretofore entered in this case be dissolved and possession of the premises be delivered to the lessor.

We have delayed the effective date of the order, concluding it to be equitable and fair under all of the existing circumstances.

Now, February 1, 1950, judgment is entered in favor of defendant. This is a decree nisi to become absolute unless within 20 days exceptions thereto are entered of record.