■ MATTEO SPALLETTA, Respondent, v. ARTHUR FELBER et al., Individually and as Copartners Doing Business under the Name of FISK BUILDING, Appellants. — Appeal from so much of an order as denies appellants' motion (1) to dismiss the complaint, pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action, and (2) to dismiss the complaint or portions thereof and for judgment in appellants' favor under rules 113 and 114 of the Rules of Civil Practice. Order modified by striking from the ordering paragraph the words "in all respects denied" and by substituting in lieu thereof the following: "Granted to the extent that the claims based on the allegations that defendants failed and refused to list the names of plaintiff's prospective office associates on the building directory are dismissed, under rule 114 of the Rules of Civil Practice, and otherwise the motion is denied." As so modified, order affirmed, without costs. It is admitted in the complaint that the proposed arrangements between the respondent and the persons whose names he requested appellants to list on the building directory, which persons are referred to in the complaint as "office associates", were that these "office associates" were not to be his partners or employees, but were to pay him "a fixed sum per month, and from month to month, for the privilege of using" certain described space and services in the demised premises. Such arrangements would in effect constitute subletting. It has been established by documentary evidence produced on the motion for summary judgment that the respondent had covenanted in the applicable written lease that he would not underlet the demised premises or any part thereof. It may not be said, in the light of this covenant, that the practice of the landlord, at the time of the freeze date as to rentals and services as set forth in the emergency legislation dealing with business space (Business Rent Law, L. 1945, ch. 314, as amd.), of listing the names of such "office associates" of lessees of the premises in question on the building directory rendered such listing of names a "service" within the contemplation of subdivision (g) of section 2 and subdivision (b) of section 7 of the Business Rent Law (see Leibowitz v. 18 East 41st St. Corp., 89 N. Y. S 2d 160, affd. 276 App. Div. 759). Wenzel, Acting P. J., MacCrate and Ughetta, JJ., concur; Schmidt and Beldock, JJ., dissent and vote to affirm, with the following memorandum: As respects the status of "office associates" (i.e. whether they are subtenants) and the listing of their names on the building directory, we believe that judicial notice may be taken of the fact that the sharing of office space and services by attorneys under arrangements such as those involved herein is a customary practice, and that such "office associates" often consult with one another and assist each other professionally in other ways. Respondent alleges the existence of a custom respecting the rental of business space such as the premises in question, whereby a covenant against subletting (without the prior written con-

sent of the landlord) applies only to a subletting of the whole or an integral part of the leased premises and not to arrangements with "office associates", as aforesaid. The complaint is broad enough to permit proof that such was the construction of the covenant by the lessors and lessees herein, evidenced by the voluntary listing of new "office associates" over a long period of time by the predecessors of the present landlords. In the circumstances, the covenant should be treated as having the meaning given to it by the practical construction of the parties, even though as an original proposition the court might construe it otherwise. (*Burns* v. *City of New York*, 213 N. Y. 516; *Buchanan* v. *Whitman*, 151 N. Y. 253; *Columbus Spa* v. *Star Co.*, 216 App. Div. 218; *Halperin* v. *McCrory Stores Corp.*, 207 App. Div. 448, affd. 239 N. Y. 547; 1 McAdam on Landlord and Tenant [5th ed.], § 61, p. 216.) The case cited by the majority, *Leibowitz* v. *18 East 41st St. Corp.* (89 N. Y. S. 2d 160, affd. 276 App. Div. 759), is not to the contrary The parties in that case construed their lease differently for there, unlike in our case, in each instance prior to that litigation the lessee requested and the landlord granted permission. Furthermore, summary judgment may not be granted to a defendant as to part of a cause of action. (*Ross* v. *Pan American Airways*, 190 Misc. 974, affd. 274 App. Div. 767, affd. 299 N. Y. 88, 93; *Dumont* v. *Raymond*, 49 N. Y. S. 2d 865, affd. 269 App. Div. 592.) Any other determination is contrary to the express language of rule 114 of the Rules of Civil Practice.